**UNITED STATES of America,
Appellee,**

v.

**William CILENTI, Appellant.
No. 252, Docket 33579.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 11, 1969.

Decided May 12, 1970.

---

———◆———

Phylis Skloot Bamberger, New York City (Milton Adler, New York City, of counsel), for appellant.

John W. Nields, Jr., Asst. U. S. Attorney, New York City (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York City, and Paul B. Galvani, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

The defendant-appellant was indicted on two counts with the sale of (1) 110 grams of heroin on July 30, 1966 and (2) 99.1 grams of cocaine on August 17, 1966. After a one-day trial before the court without a jury, he was convicted on both counts. The sentence was five years on each count, the sentences to run concurrently.

On January 20, 1970, the Supreme Court in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970) held that the § 174 presumption "is valid insofar as it permits a jury to infer that heroin possessed in this country is a smuggled drug." A contrary result was reached as to a small quantity of cocaine.

Whether or not the 99.1 grams of cocaine come within Turner, we need not decide.[1] The problems discussed and resolved in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) relating to the concurrent sentence doctrine are not presented here. Cilenti committed two separate crimes on two separate dates. There was no jury which might have been affected by the evidence introduced as to the cocaine. Clearly the conviction on the heroin count (Count One) must be affirmed. It is unnecessary to reach Count Two because the conviction on the less serious offense, to wit, the sale of cocaine, could not have influenced the mandatory sentence on the more serious heroin sale offense.

---

1. We note that in *Turner*, the amount of cocaine was 14.68 grams whereas here it was 99.1 grams. The Supreme Court in its footnote 39 in *Turner* stated (at 419, 90 S.Ct. at 654):

"Since the illegal possessor's only source of domestic cocaine is that which is stolen, the United States urges that the § 174 presumption may be valid with respect to sellers found with much larger amounts of cocaine than Turner had, amounts which, it is claimed, are too large to have been removed from legal channels and which must therefore have been smuggled. Brief for the United States 31. We find it unnecessary to deal with these problems and postpone their consideration to another day, hopefully until after the facts have been presented in an adversary context in the district courts."