UNITED STATES of America, Appellee,

v.

Harold BEVERHOUDT, Appellant.

No. 382, Docket 32088.

United States Court of Appeals, Second Circuit.

Argued Nov. 11, 1970.

Decided Feb. 17, 1971.

See also 2 Cir., 430 F.2d 141.

Barry I. Fredericks, New York City (Robinson, Silverman, Pearce, Aronsohn & Sand, New York City), for appellant.

John Gross, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., David A. Luttinger, Asst. U. S. Atty., of counsel), for appellee.

Before SMITH and FEINBERG, Circuit Judges, and LEVET,* District Judge.

J. JOSEPH SMITH, Circuit Judge:

Harold Beverhoudt, convicted on trial to the jury in the United States District Court for the Southern District of New York, Lloyd F. MacMahon, Judge, on two counts of sale of cocaine not pursuant to written order and one count of illegal possession of marihuana with knowledge that it was illegally imported, and serving concurrent six-year sentences on all counts, appeals. We find no error on the counts involving the illegal sale of cocaine, and affirm the judgment and sentence on those counts. We find error in the conviction on the third count involving marihuana and reverse

and remand with directions to dismiss the indictment on that count.

Appellant raises two questions, the sufficiency of the evidence to rebut the defense of entrapment on the first two counts, and the invalidity of the conviction on the third count in light of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), holding invalid the statutory presumption of illegal importation of marihuana.

 In the face of evidence fully proving two sales of cocaine, one of one-half ounce and one of one ounce, and of possession of marihuana found on his person at the time of his arrest, Beverhoudt based his defense on the claim he was entrapped into the sales. He appears to contend that the jury must credit his tale unless subsequent evidence on rebuttal contradicts it. But the jury already had before it, in an agent's testimony, admissions by Beverhoudt of a prior excursion to Mexico in the interest of traffic in drugs, which left no doubt as to his propensity and willingness to engage in the traffic. The entrapment defense was without substance, and the convictions and sentences on the first two counts must be affirmed unless the conviction on the third count not only was invalid, but in some fashion spilled over to affect the proof or sentence on the other counts.[1] On the facts here, any such conclusion would be absurd. The proof of the cocaine sales was quite independent of that of the small quantity of marihuana found in the search on arrest, and the quantity of marihuana involved, the sentence of only one year over the minimum although two separate substantial sales of cocaine were proved, and the concurrent sentences imposed, make it quite inconceivable that invalidity of the marihuana count would affect the length of sentence on the cocaine counts. It might be sufficient, therefore, to affirm

---

* Senior United States District Judge for the Southern District of New York, sitting by designation.

1. Since "neither illegal importation nor knowledge thereof is an element" of 26

U.S.C. § 4705(a), see Yearwood v. United States, 294 F.Supp. 748, 749 (S.D.N.Y. 1969) the decision in *Leary* and related cases does not affect these counts.

under the concurrent sentence doctrine on the first two counts without reference to the conviction on the third count. See United States v. Cilenti, 425 F.2d 683 (2d Cir. 1969); United States ex rel. Weems v. Follette, 414 F.2d 417 (2d Cir. 1969); United States v. Febre, 425 F.2d 107 (2d Cir. 1970). But to obviate any possibility of future prejudice from the additional conviction we have decided to rule on the attack on the third count, which we find well mounted. The presumption was apparently used here and the same basis for invalidating it appears as in Leary v. United States, *supra*. Although this conviction antedated *Leary*, we have held the doctrine of *Leary* in this respect retroactive. See United States v. Liguori (Perez and Rivas and Vallejo), 438 F.2d 663. It is possible, of course, that in this case the government could prove knowledge of illegal importation in the light of Beverhoudt's Mexican adventures, but the possibility appears remote and retrial on the third count after service of the sentences imposed concurrently would raise double jeopardy questions. We affirm the sentence on counts one and two and reverse on count three and dismiss count three of the indictment.

We commend Barry I. Fredericks, Esq., appointed by this court as counsel for appellant, for the excellence of his presentation.