UNITED STATES of America,
Appellee,

v.

William NIEVES and Edgar Edward
Acosta, Appellants.

Nos. 1046, 1047, Dockets 71–1290, 71–1279.

United States Court of Appeals,
Second Circuit.

Argued Aug. 10, 1971.

Decided Aug. 31, 1971.

Robert Hermann, New York City (Robert Kasanof, The Legal Aid Society, New York City, on the brief), for appellant Nieves.

J. Jeffrey Weisenfeld, New York City (Joseph T. Klempner, New York City, on the brief), for appellant Acosta.

Jay S. Horowitz, Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty., and John M. Walker, Jr., Asst. U. S. Atty., New York City, on the brief), for appellee.

Before FEINBERG, MULLIGAN and TIMBERS, Circuit Judges.

PER CURIAM:

Appellants Nieves and Acosta appeal from judgments of conviction entered upon a jury verdict in the Southern District of New York, Frederick vP. Bryan, District Judge, finding them guilty of three counts of selling cocaine without an order form, in violation of the federal narcotics laws, 26 U.S.C. § 4705(a) (1964).[1] The only claim on ap-

---

1. This section was repealed, effective May 1, 1971, by §1101(b)(3)(A) of the Drug Control Act of 1970, Pub.L. 91–513, 84 Stat. 1292, and was superseded by § 308(a) of that Act. The Act also provided that prosecutions for any violation of law occurring prior to the effective date of repeal would not be affected by reason thereof. Pub.L. 91–513, 84 Stat. 1292, § 1103.

peal worthy of mention is the refusal of the trial judge to submit the issue of entrapment to the jury.[2] Finding no error, we affirm.

Pursuant to what has come to be accepted as routine practice in the enforcement of the federal narcotics laws, Nieves and Acosta sold cocaine to a special agent of the Federal Bureau of Narcotics on two successive days in January 1970.

On January 15, following an informant's introduction of the agent to Nieves and Acosta, the four men entered a car driven by Nieves. The end result, after negotiations, was the sale of .44 grams of cocaine to the agent, a small tin-foil package of white powder being handed to the agent by Acosta in the presence of Nieves. During the negotiations, the agent informed Nieves and Acosta that he was in the market for large quantities of cocaine, and that he wanted samples to give to his customers. Nieves and Acosta told the agent they could meet his requirements. Acosta gave the agent a phone number where he could be reached if the agent's customers wished to place further orders.

On January 16, following the agent's phone call to Nieves at the number given by Acosta the day before, the agent (accompanied by a second agent) met Nieves on the sidewalk at a pre-arranged place. They were joined by Acosta who directed the agent to get into the same car in which the previous day's transaction had taken place. In the car the agent gave Acosta $600 in return for 24.19 grams of cocaine contained in a package wrapped in a towel on the back seat of the car.

On January 20, following another phone call by the agent to Nieves during which there was some haggling over the price of two and one-half kilos of cocaine which the agent said he wanted to purchase, the agent (accompanied by still another agent) met Nieves and his supplier at another pre-arranged place. Nieves there agreed to sell the two and one-half kilos to the agent for $38,000, the transaction to be consummated a couple hours later. This transaction, however, was never consummated. The agent recognized Nieves' supplier as the defendant in another narcotics case; and the recognition was mutual. Understandably, neither Nieves nor his supplier showed up at the agreed time and place to consummate the transaction.

Upon this uncontroverted evidence, the trial judge declined, although requested by Acosta,[3] to submit to the jury the asserted defense of entrapment. We agree.

For nearly two decades our Circuit has adhered to the view that the defense of entrapment embraces the two essential elements articulated by Judge Learned Hand[4] in United States v. Sherman, 200 F.2d 880, 882–83 (2 Cir. 1952)—referred to in short as (1) inducement and (2) propensity. Since the

---

2. Both appellants also urged in their briefs that the trial judge erred in refusing to charge the jury that the government was required to prove beyond a reasonable doubt that appellants had knowledge of the order form requirement of the statute. This claim is utterly without merit. The Supreme Court, almost a half century ago, in construing substantially the same language in the predecessor of the statute here involved, Narcotic Act of 1914, c. 1, 38 Stat. 785, held that scienter was not a necessary element of the crime of selling narcotic drugs without an order form, the statute being "a taxing act with the incidental purpose of minimizing the spread of addiction to the use of poisonous and demoralizing drugs." United

States v. Balint, 258 U.S. 250, 253 (1922). Cf. United States v. International Minerals & Chemical Corp., 402 U.S. 558 (1971) (sulfuric and hydrofluosilicic acids); United States v. Freed, 401 U.S. 601, 607–10 (1971) (hand grenades).

3. Since Nieves made no claim of entrapment in the District Court and did not request the judge to charge on that issue, he of course is foreclosed from urging error on appeal with respect thereto. United States v. Indiviglio, 352 F.2d 276 (2 Cir. 1965) (en banc), cert. denied, 383 U.S. 907 (1966).

4. Explaining Sorrells v. United States, 287 U.S. 435 (1932).

defense of entrapment has been discussed in recent decisions of this Court, we see no need further to dilate upon it here. See United States v. Greenberg, 444 F.2d 369, 371–72 (2 Cir. 1971), cert. denied, 404 U.S. 853, 30 L.Ed.2d 93 (1971); United States v. Henry, 417 F.2d 267, 269–70 (2 Cir. 1969), cert. denied, 397 U.S. 953 (1970); United States v. Riley, 363 F.2d 955, 957–59 (2 Cir. 1966); United States v. Berry, 362 F.2d 756, 758 (2 Cir. 1966). Cf. United States v. Beverhoudt, 438 F.2d 930, 931 (2 Cir. 1971).[5]

Suffice it to say that we think Judge Bryan surely was correct in refusing to charge on entrapment because the evidence of propensity, being overwhelming and uncontradicted, did not warrant submission of entrapment to the jury. Even if we assume arguendo that inducement had been established, here, as in United States v. Riley, *supra*, 363 F.2d at 959, "even when inducement has been shown, submission to the jury is not required if uncontradicted proof has established that the accused was 'ready and willing without persuasion' and to have been 'awaiting any propitious opportunity to commit the offense.'" Here the evidence was uncontradicted that both Nieves and Acosta were willing to supply cocaine in large quantities and of excellent quality; they furnished a telephone number at which they could be and were reached; they engaged in evasive tactics; they arranged for their sales of cocaine in clandestine places; and the only evidence negating propensity is that the abortive transaction of January 20 demonstrated that they did not have a propensity to sell cocaine to a person they knew to be an agent of the Federal Bureau of Narcotics.

Affirmed.

5. We are mindful of other views regarding the defense of entrapment, particularly with respect to the bifurcated essential elements and their different burdens of proof. See, e. g., Kadis v. United States, 373 F.2d 370, 372–75 (1 Cir. 1967); Report of the National Commission On Reform Of Federal Criminal Laws pt. 1, § 702 (Entrapment) and § 103(e) (Affirmative Defenses), printed as part of Hearings Before The Subcomm. on Criminal Laws And Procedures of the Senate Comm. on the Judiciary, 92d Cong., 1st Sess., pt. 1, at 212 and 157–58 (1971). However, we follow the established law of this Circuit, as did the trial judge below.