UNITED STATES of America, Appellee,

v.

William F. ADCOCK, Appellant.

No. 977, Docket 71-1289.

United States Court of Appeals, Second Circuit.

Argued June 11, 1971.

Decided Aug. 16, 1971.

Certiorari Denied Nov. 9, 1971.

See 92 S.Ct. 278.

**1338**

Maurice M. McDermott, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., of counsel), for appellee.

Alan Scribner, New York City, for appellant.

Before FRIENDLY, Chief Judge, and HAYS and OAKES, Circuit Judges.

PER CURIAM:

■ Appellant attacks his conviction after a guilty verdict on Counts, I, II and V of an indictment charging that he had made and caused to be made false statements to the Immigration and Naturalization Service in violation of 18 U. S.C. § 1001 and the aiding, abetting or causing section, 18 U.S.C. § 2. He complains that after the jury deliberated one evening and resumed deliberation the next morning, for a total of four and one-half hours, the trial judge gave a modified "Allen" charge. Allen v. United States, 164 U.S. 492, 501–502, 17 S.Ct. 154, 41 L.Ed. 528 (1893). The trial court, however, scrupulously followed the rule in this circuit, by emphasizing that no juror was expected to yield a conscientious conviction. United States v. Bowles, 428 F.2d 592 (2d Cir.), cert. denied, 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970); United States v. Barash, 412 F.2d 26, 32 (2d Cir.), cert. denied, 396 U.S. 832, 90 S.Ct. 86, 24 L. Ed.2d 82 (1969). We are satisfied that the judge below conscientiously phrased the charge so that no juror felt coerced to abandon his personal conviction.

■ Counts II and V on which appellant was convicted were based on his failure to sign as preparer an I.N.S. form seeking an extension of stay by an alien, when he in fact prepared the form for the alien. The Government's rather far-fetched argument is that by preparing the form but failing to sign it as preparer, appellant had "caused" a false statement to be made by the applicant who merely signed as such. Nowhere does the form contain any assertion by the applicant that he himself prepared the form. Even the Government admits that the "failure to complete the 'preparer's' box strictly speaking did not result in a direct false statement by him to I.N.S. but rather resulted in one *unwittingly* made by the applicant, to the effect that she alone prepared the document" (emphasis supplied). (Appellee's Brief, p. 10.) The Government points to no case which would support this tenuous position, which would doubtless put behind bars thousands of people who have assisted aliens having trouble with the I.N.S. forms or the English language. We believe a "statement" is required to create an offense under 18 U. S.C. § 1001 and that one has not been made here. See United States v. McCue, 301 F.2d 452, 454 (2d Cir. 1962); United States v. Stark, 131 F.Supp. 190, 205 (D.Md.1955). See also United States v. Diogo, 320 F.2d 898, 905 (2d Cir. 1963).

■ Nor do we agree with the Government's argument that the judgment on Count II should be affirmed because it contained three assignments of falsity and defendant did not request a special verdict. See United States v.

Goldstein, 168 F.2d 666, 671 (2d Cir. 1948); United States v. Mascuch, 111 F.2d 602 (2d Cir.), cert. denied, 311 U. S. 650, 61 S.Ct. 14, 85 L.Ed. 416 (1940). Special verdicts as to a single count are improper and in and of themselves erroneous. United States v. Spock, 416 F.2d 165, 182–183 (1st Cir. 1969); Gray v. United States, 174 F.2d 919 (8th Cir.), cert. denied, 338 U.S. 848, 70 S.Ct. 90, 94 L.Ed. 519 (1949). No provision is made for them in the Federal Rules of Criminal Procedure. See United States v. Noble, 155 F.2d 315, 317 n. 4 (3rd Cir. 1946); see generally 2 Wright, Federal Practice and Procedure § 512, pp. 364–365 (1969). Thus, the verdict on Count II as well as Count V must fall. Street v. New York, 394 U.S. 576, 585–588, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969); Yates v. United States, 354 U. S. 298, 312, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957); Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931).

Because there was a valid conviction on Count I for making a false statement in his own Notice of Appearance for an applicant—the only complaint being on the *Allen* charge—and because the appellant received concurrent sentences on all three counts, we affirm under United States v. Febre, 425 F.2d 107, 113 (2d Cir.), cert. denied, 400 U.S. 849, 91 S.Ct. 40, 27 L.Ed.2d 87 (1970); United States ex rel. Weems v. Follette, 414 F.2d 417, 419 (2d Cir. 1969), cert. denied, 397 U. S. 950, 90 S.Ct. 973, 25 L.Ed.2d 131 (1970).

■ We might remand for a new trial on Count I if we felt that there was a "spill over" of the evidence that affected the Count I conviction.* See Hays, J., dissenting in United States v. Febre, *supra*, 425 F.2d at 114. Or we might remand for resentencing if we felt that the convictions on the reversed counts may have affected the sentences imposed on the remaining counts. See United States

v. Hines, 256 F.2d 561 (2d Cir. 1958). We are aware of the admonition in Benton v. Maryland, 395 U.S. 784, 789, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969), regarding the concurrent sentence doctrine. But here, as in *Febre, supra,* and *Weems, supra,* we conclude that "no undesirable collateral consequences" would ensue from its application. Therefore, we affirm the conviction on Count I of the indictment and reverse those on Counts II and V.

---

\* In this case we would doubtless remand on Count II also for reconsideration of the allegations in Count II that the defendant had made or caused to be made false statements about one applicant's employment and source of income.