**UNITED STATES of America,**
**Appellee,**

v.

**Charles GAINES, Appellant.**

**No. 725, Docket 35194.**

United States Court of Appeals,
Second Circuit.

Submitted Jan. 31, 1972.

Decided May 3, 1972.

---

3. Pages 14 and 15, House Conference Report.

Before HAYS and FEINBERG, Circuit Judges, and CURTIN, District Judge.*

HAYS, Circuit Judge:

Appellant was convicted after a jury trial of unlawfully uttering (Count I) and unlawfully possessing (Count II) counterfeit Federal Reserve notes in violation of 18 U.S.C. § 472 (1970). Appellant was sentenced to prison terms of four years on each count, the sentences to run concurrently. The uncontradicted evidence introduced at the trial established the following facts:

At about 6 P.M. on August 23, 1969, the manager of a dry cleaning establishment received a telephone call from appellant, who was a customer. He asked that his cleaned clothes be delivered to his apartment and that the person making the delivery bring change for $20. The dry cleaning bill was $8.15. The manager instructed an employee to deliver the clothes and gave her an envelope containing change for $20. When the employee delivered the clothes, appellant told her that his wife had just returned and had given him change for $20; appellant then gave the employee four counterfeit $5 notes and received change of $11.85. The employee immediately returned to the dry cleaning store and gave the manager the four $5 notes. The manager inspected the bills, found them to be counterfeit (each had the identical serial number), and instructed the employee to return to appellant's apartment with the notes. The employee returned, knocked on the door, and, when no one answered, went downstairs where she met her employer. The employer then telephoned the police. A detective and two uniformed policemen of the New York City Police Department arrived at appellant's apartment shortly after 8 P.M., knocked on the door, and, when no one answered, entered the apartment and seized photo-

———◆———

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y. (John A. Lowe and William B. Gray, Asst. U. S. Attys., on the brief), for appellee.

Henry F. Minnerop, New York City, for appellant.

* Of the United States District Court for the Western District of New York, sitting by designation.

graphs of a man whom the manager and the employee identified as appellant.

The City police returned to their stationhouse, but they did not obtain an arrest warrant for appellant. The record is not sufficiently developed for this court to be able to determine whether there were exigent reasons which justified the failure to procure such a warrant.

At two-thirty the following morning, the New York City police telephoned the Secret Service and informed an agent of the facts of the case. A Secret Service agent went to the precinct stationhouse and was told of the facts surrounding the passing of the four counterfeit notes. At approximately 3:30 A.M. three New York City policemen and the Secret Service agent went to appellant's apartment. An arrest warrant had still not been obtained. One officer knocked on the door. Appellant responded to the knock by looking through the peephole. The officer showed him his shield, and told him to open the door. The officers waited five minutes and, when appellant did not admit them, one of the City policemen kicked open the door. The four officers entered the apartment, and a City policeman informed appellant of the complaint that had been lodged against him. The Secret Service agent, after identifying himself, asked appellant for identification. Appellant pointed toward a jacket which was visibly hanging on a coat rack a short distance away in the bedroom, and said, "It is in my jacket." The Secret Service agent reached into a pocket and discovered two counterfeit $5 Federal Reserve notes, and in another pocket found appellant's identification.

Appellant moved to suppress the two counterfeit $5 notes seized by the Secret Service agent the night of appellant's arrest on the ground that the arrest was unlawful because no arrest warrant had been obtained. Appellant alleged that the police had time to secure a warrant, and that there was no probable cause for his arrest. Appellant also moved to suppress the notes on the ground that the search was unlawful. After a hearing, the motions were denied, and, when appellant renewed the motions at the trial, they were again denied.

On appeal to this court, the judgment of conviction was affirmed. United States v. Gaines, 441 F.2d 1122 (2d Cir. 1971). This court took the position that, as there was probable cause for the arrest, the police did not need to obtain a warrant before arresting appellant. This court then held that the notes were properly admitted into evidence because appellant had consented to the search that resulted in the seizure. *Id.* at 1123.

Appellant applied to the Supreme Court for a writ of certiorari. In an order issued October 19, 1971, the Supreme Court granted certiorari, vacated the judgment, and remanded "for further consideration in light of [the] suggestion of the Solicitor General in the memorandum for the United States." Gaines v. United States, 404 U.S. 878, 92 S.Ct. 223, 30 L.Ed.2d 159 (1971). In the memorandum filed by the Solicitor-General in connection with appellant's petition, the Solicitor-General suggested, in view of the question raised as to the constitutionality of an arrest without a warrant when one might have been obtained, see Jones v. United States, 357 U.S. 493, 499–500, 78 S.Ct. 1253, 2 L. Ed.2d 1514 (1958); Coolidge v. New Hampshire, 403 U.S. 443, 480–481, 91 S. Ct. 2022, 29 L.Ed.2d 564 (1971), that this court reconsider "the validity of the arrest and seizure, and, if it is held that the seizure was unconstitutional, the validity of supporting the conviction on count 1 [uttering counterfeit bills] alone." Since redetermination of the validity of the arrest and seizure would require a remand to the district court, and since appellant was sentenced to concurrent terms on the two counts, the validity of one of which appellant does not challenge, we are reluctant to proceed in the manner suggested by the Solicitor-General.

In Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Supreme Court held that a federal

appellate court had jurisdiction to review the validity of less than all the convictions resulting from a multi-count trial when concurrent sentences have been imposed and the appellant challenges less than all the convictions. *Id.* at 787–791, 89 S.Ct. 2056. The Supreme Court did indicate "that in certain circumstances a federal appellate court, as a matter of discretion, might decide . . . . that it is 'unnecessary' to consider all the allegations made by a particular party." *Id.* at 791, 89 S.Ct. at 2060 (footnote omitted). See also *id.* at 798–799, 89 S.Ct. 2056 (White, J., concurring). Since *Benton,* this court has in the main reviewed all the counts of a multi-count conviction when concurrent sentences have been imposed even though the conviction on at least one count was clearly sustainable. See United States v. Vilhotti, 452 F.2d 1186 (2d Cir. 1971); United States v. Adcock, 447 F.2d 1337 (2d Cir.), cert. denied, 404 U.S. 939, 92 S.Ct. 278, 30 L.Ed.2d 252 (1971); United States v. Beverhoudt, 438 F.2d 930 (2d Cir. 1971); United States v. Marshall, 427 F.2d 434 (2d Cir. 1970); United States v. Febre, 425 F.2d 107 (2d Cir.), cert. denied, 400 U.S. 849, 91 S.Ct. 40, 27 L.Ed.2d 87 (1970); United States v. Marino, 421 F.2d 640 (2d Cir. 1970). See also United States v. Jenkins, 427 F.2d 149 (2d Cir. 1970) (appeal from denial of § 2255 motion). On occasion, however, the court has invoked the concurrent sentence doctrine to refuse to review the validity of the convictions under several counts when the conviction on one count was proper and concurrent sentences had been imposed. See United States v. Cilenti, 425 F.2d 683 (2d Cir. 1970); United States ex rel. Weems v. Follette, 414 F.2d 417 (2d Cir. 1969) (collateral attack), cert. denied, 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 131 (1970). *Cf.* United States ex rel. Epton v. Nenna, 446 F.2d 363 (2d Cir.) (collateral attack), cert. denied, 404 U.S. 948, 92 S.Ct. 282, 30 L.Ed.2d 265 (1971).

In the cases in which this court has reviewed all the counts in a conviction involving concurrent sentences, it was able to review the validity of the "bad" count on the basis of the record before the court on appeal. In this case, however, appellant's challenge to his conviction for possession of counterfeit Federal Reserve notes hinges on the validity of the seizure of the notes and hence the arrest. The district court ruled that, assuming a warrant could have been obtained, the probable cause for arrest was sufficient to justify the arrest without a warrant. The court did not, therefore, fully explore the facts surrounding the period from about 8 P.M. to 3:30 A.M. to determine whether the police were justified in not obtaining a warrant because of exigent circumstances. In order for this court to comply with the suggestion of the Solicitor-General, we would first have to remand to the district court in order for it to hold a hearing to ascertain why the police did not obtain a warrant. In view of appellant's concurrent sentence on the unlawful uttering count, such a remand would impose a totally unwarranted burden and drain on judicial resources and time in a circuit in which the district courts have a substantial backlog of pending cases. No matter how the district court decided the question, the disposition would have no practical effect whatsoever for appellant inasmuch as he would have to serve the concurrent sentence for unlawful uttering, a conviction which is entirely valid. A remand and subsequent review by this court would be, in effect, a useless charade. The same consideration of judicial efficiency which warrants an appellate court in not remanding one count for a retrial on the merits when another count, on which a concurrent sentence has been imposed, is sustained, United States v. Vilhotti, *supra,* warrants this court in deciding not to review the possession conviction when such review would initially require a remand for a factual hearing.

The exercise of our discretion under the concurrent sentence doctrine not to review the validity of the conviction for possession because of the undisputed va-

lidity of the conviction for uttering, involves no danger that the possession conviction affected the sentence imposed by the district court on the uttering count or that the evidence introduced on the possession count affected the jury's determination on the uttering count. See generally Note, The Federal Concurrent Sentence Doctrine, 70 Colum.L.Rev. 1099 (1970). As appellant was sentenced to four years in prison, considerably less than the 15-year maximum, 18 U.S.C. § 472 (1970), it is quite clear that appellant will suffer no prejudice. United States v. Febre, *supra*, 425 F.2d at 113–114; United States v. Marino, *supra*, 421 F.2d at 642; United States v. Marshall, *supra*, 427 F.2d at 438. Nor can it properly be argued that the evidence admissible under Count II influenced the jury to return a verdict of guilty on Count I. The only element of the crime that was controverted by appellant at the trial was his knowledge of the counterfeit nature of the notes. On this issue, the government stressed the fact that the notes were so badly forged as to be "amateur money," that appellant's explanation of how he obtained the notes was quite implausible and that appellant paid an $8.15 bill with four $5 notes, all of which were counterfeit (even though he had sufficient bona fide currency). There was also evidence of prior convictions which served to impeach appellant's credibility. There is no valid suggestion of possible prejudice from the "spill over" of evidence of possession. See United States v. Jenkins, *supra*; United States v. Febre, *supra*.

Therefore, because appellant will not be prejudiced by our not reviewing the validity of the conviction for possession, and, because the special circumstances of this case would require not merely appellate review but also an initial hearing on the question of the arrest and the possibility of the existence in that connection of exigent circumstances, this court, without considering the validity of the conviction on Count II, affirms the judgment of conviction.