**UNITED STATES of America, Appellee,**

v.

**Robert GONZALEZ, Appellant.**

**No. 711, Docket 72–1067.**

United States Court of Appeals, Second Circuit.

Argued May 1, 1972.

Decided May 9, 1972.

J. Jeffrey Weisenfeld, New York City (Joseph T. Klempner, New York City, on the brief), for appellant.

John H. Gross, Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty., and John W. Nields, Jr., Asst. U. S. Atty., New York City, on the brief), for appellee.

Before KAUFMAN, MANSFIELD and TIMBERS, Circuit Judges.

PER CURIAM:

Appellant Robert Gonzalez appeals from a judgment of conviction entered after a six day jury trial in the Southern District of New York, Dudley B. Bonsal, District Judge, finding him guilty of selling cocaine without an order form and of conspiring to do so, in violation of the federal narcotics laws, 26 U.S.C. § 4705(a) (1964).[1] He was sentenced to concurrent seven-year terms of imprisonment on each of the two counts upon which he was found guilty.[2]

---

1. This section was repealed, effective May 1, 1971, by § 1101(b) (3) (A) of the Drug Control Act of 1970, Pub.L. 91–513, 84 Stat. 1292, and was superseded by § 308(a) of that Act. The Act also provided that prosecutions for any violation of law occurring prior to the effective date of repeal would not be affected by reason thereof. Pub.L. 91–513, 84 Stat. 1292, § 1103.

2. The instant appeal is from Gonzalez' conviction at his second trial. His conviction at his first trial upon similar narcotics charges was reversed by this Court from the bench on April 16, 1971 and the case was remanded for a new trial. (Unreported decision.)

For our opinions in the related cases involving Gonzalez' co-defendant, Albert Puco, see United States v. Puco, 436 F.2d 761 (2 Cir. 1971), and United States v. Puco, 453 F.2d 539 (2 Cir. 1971). Subsequent to our last *Puco* opinion, *supra*, we have been informed that Puco has been tried and convicted for the third time on the same narcotics charges.

His only claim of error on this appeal is that the trial judge improperly refused his request to charge the jury on the defense of entrapment. We are satisfied, based on our careful examination of the entire record, that Judge Bonsal's refusal to so charge was justified by the law in this Circuit. United States v. Nieves, 451 F.2d 836, 837–38 (2 Cir. 1971) (per curiam); United States v. Greenberg, 444 F.2d 369, 371–72(2 Cir.), cert. denied, 404 U.S. 853 (1971); United States v. Henry, 417 F.2d 267, 269–71 (2 Cir. 1969), cert. denied, 397 U.S. 953 (1970); United States v. Buie, 407 F.2d 905, 907–08 (2 Cir.), aff'd sub nom. Minor v. United States, 396 U.S. 87 (1969); United States v. Dehar, 388 F.2d 430, 432–34 (2 Cir. 1968); United States v. Riley, 363 F.2d 955, 957–59 (2 Cir. 1966). See generally United States v. Braver, 450 F.2d 799, 801–05 (2 Cir. 1971), cert. denied, 405 U.S. 1064 (1972).

Affirmed.

The statement in our second *Puco* opinion of December 3, 1971 that "Gonzalez has not appealed [from his second conviction]," 453 F.2d at 540, while true when made, of course is no longer so. By order of January 11, 1972, Judge Bonsal permitted the filing of the notice of appeal *nunc pro tunc* as of July 15, 1971, the date of sentencing when Judge Bonsal directed the clerk to file a notice of appeal on Gonzalez' behalf. The instant appeal is pursuant to that notice.