**UNITED STATES of America, Appellee,**

v.

**Jose VASQUEZ, Appellant.**

**No. 129, Docket 72–1435.**

United States Court of Appeals, Second Circuit.

Argued Sept. 26, 1972.

Decided Oct. 13, 1972.

Michael A. Young, The Legal Aid Society, New York City (Robert Kasanof, New York City, on the brief), for appellant.

Mary P. Maguire, Asst. U. S. Atty., Brooklyn, N. Y. (Robert A. Morse, U. S. Atty., and David G. Trager, Asst. U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Before HAYS, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

The sole issue raised on appeal in this routine narcotics case is the propriety of the conviction and sentencing of appellant on separate counts of possession with intent to distribute, and of distributing, heroin, both counts being bas-

---

ed on a single transaction. Since concurrent sentences were imposed and there was no spillover which could have prejudiced appellant in any way, we affirm under the concurrent sentence doctrine.

Appellant Jose Vasquez was charged in a two count indictment returned on September 30, 1971 with possessing, with intent to distribute, 13.4 grams of heroin on June 24, 1971 (Count One) and distributing the same heroin on the same date (Count Two). Each count charged a violation of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 841(a) (1970),[1] and of the Aider and Abettor Act, 18 U.S.C. § 2 (1970). After a four day jury trial in the Eastern District of New York, John F. Dooling, Jr., *District Judge*, appellant was convicted on January 11, 1972 on both counts.[2] On March 17, 1972, Judge Dooling sentenced appellant, pursuant to 18 U.S.C. § 4208(a)(2) (1970), to concurrent five year terms of imprisonment on each count and to concurrent three year special parole terms on each count.[3]

On appeal, appellant does not challenge the sufficiency of the evidence. His sole claim is that "[t]he first count, charging unlawful possession of this heroin with intent to distribute, should therefore have been merged with the second count, charging unlawful distribution of the same heroin. Appellant should have been convicted and sentenced

for only one violation of 21 U.S.C. § 841." Brief for Appellant 7.[4] In short, appellant urges us to construe the federal narcotics act here involved as analogous to the Federal Bank Robbery Act, 18 U.S.C. § 2113 (1970), under which, for example, it has been held that the crime of entering a bank with intent to commit a robbery merged into the separate crime of consummating the robbery. Prince v. United States, 352 U.S. 322 (1957).

The government, on the other hand, argues that the more appropriate analogue is the statute, 18 U.S.C. § 659 (1970), under which we recently have upheld convictions on separate counts charging theft of a tractor-trailer containing goods moving in interstate commerce and unlawful possession of the same truck and its contents, United States v. Meduri, 457 F.2d 330 (2 Cir. 1972), as well as convictions on separate counts charging theft and possession of goods stolen from an interstate shipment, United States v. Cusumano, 429 F.2d 378, 381 (2 Cir.), cert. denied sub nom. Riggio v. United States, 400 U.S. 830 (1970). See also United States v. Ploof, 464 F.2d 116, 120 (2 Cir. 1972).

Upon the record before us, we find that it is neither necessary nor appropriate to reach the issue of statutory construction urged upon us. Since concurrent sentences well within the statutory limit were imposed on each count and our careful review of the record

1. 21 U.S.C. § 841(a) provides:
   "(a) Unlawful acts.
   Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
   (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

2. The jury also convicted appellant's sister, Miriam Vasquez, on both counts of the indictment, she being charged as a codefendant. At the time of sentencing, imposition of sentence on Miriam was suspended and she was placed on probation for a period of three years.

3. Under the penalty provision of the statute pursuant to which appellant was convicted, 21 U.S.C. § 841(b)(1)(A) (1970), the five year sentence imposed was well within the fifteen year maximum that could have been imposed. The same statute makes mandatory the imposition of "a special parole term of at least 3 years in addition to such term of imprisonment".

4. Indeed, the relief sought by appellant on this appeal is vacation of the conviction on the possession count (Count One) and remand for resentencing on the distribution count (Count Two). In view of our affirmance under the concurrent sentence doctrine, of course remand for resentencing is not required.

satisfies us that there was no spillover which could have prejudiced appellant in any way, we hold that this is an appropriate case in the exercise of our discretion to affirm under the concurrent sentence doctrine, upon the authority of our recent decision in United States v. Gaines, 460 F.2d 176 (2 Cir. 1972), cert. denied, 409 U.S. 883, 93 S.Ct. 172, 34 L.Ed.2d 139 (1972).[5]

Affirmed.

5.  In view of our reference in *Gaines, supra*, 460 F.2d at 178–79, to the suggestion of the Solicitor General set forth in the Memorandum of the United States on the basis of which the Supreme Court, 404 U.S. 878, remanded the *Gaines* case to us after our earlier decision, 441 F.2d 1122, it should be noted that the Solicitor General advised us on September 5, 1972 that he agrees with our position in our latest *Gaines* opinion, 460 F.2d 176, and accordingly opposed Gaines' petition for a writ of certiorari seeking review of that decision.