**UNITED STATES of America, Appellee,**

v.

**Glen Thomas BEVERLY and Faon De Jesus Rodriguez, Appellants.**

**Nos. 1374, 1375, Dockets 77–1121, 77–1198.**

United States Court of Appeals, Second Circuit.

Argued June 24, 1977.

Decided Sept. 19, 1977.

Zachary W. Carter, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty. for the Eastern District of New York, Alvin A. Schall, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Barry Bassis, Legal Aid Society, New York City (William J. Gallagher, Legal Aid Society, New York City, of counsel), for appellant Beverly.

Stanley S. Zinner, New York City, for appellant Rodriguez.

Before MULLIGAN, GURFEIN and VAN GRAAFEILAND, Circuit Judges.

MULLIGAN, Circuit Judge:

Defendants Glen Thomas Beverly and Faon De Jesus Rodriguez appeal from judgments of conviction for violations of federal narcotics laws entered on March 2, 1977 in the United States District Court for the Eastern District of New York, after a jury trial before the Hon. George C. Pratt, *District Judge*. Appellants were charged in a five count indictment with conspiring to distribute and to possess with intent to distribute cocaine between November, 1975 and March, 1976 in violation of 21 U.S.C. § 846, Count One; with the substantive offenses of distributing and of possessing with intent to distribute cocaine on November 4, 1975, Counts Two and Three; and on March 3, 1976, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Counts Four and Five. Both Rodriguez and Beverly were convicted of the conspiracy charged in Count One. In addition, Beverly was convicted of the substantive charges, Counts Four and Five. The defendants were acquitted of the charges contained in the remaining counts.

Beverly was sentenced to treatment and supervision under the Youth Corrections Act, 18 U.S.C. § 5010(b), on each count, to run concurrently, and to a special parole term of three years. Judge Pratt in an order filed on April 20, 1977 vacated the special parole portion of Beverly's sentence. Rodriguez was also sentenced to treatment and supervision under the Youth Corrections Act and to a special three-year parole term.

We remand Rodriguez's case to the district court solely for vacation of the special three-year parole term so that his sentence may comply with the provisions of 18 U.S.C. § 5010(b). The Government has not contested this disposition. Appellants' convictions are affirmed in all other respects.

I

The major Government witness in this case was Robert Goncieski who was named as a co-conspirator in the indictment but was allowed to plead guilty to the charge of using a communications facility in furtherance of the commission of a drug offense. In early November, 1975, Goncieski agreed to sell four ounces of cocaine to Michael Kane who was an agent of the Drug Enforcement Agency. The transaction was consummated at a parking lot in the John F. Kennedy International Airport on November 4, 1975. Beverly and Rodriguez were the suppliers of the drugs to Goncieski and observed the sale from a parked car at the airport. They gave Goncieski a small share of the proceeds.

Kane later attempted to obtain more cocaine from Goncieski but Rodriguez was

suspicious of Kane and refused to supply any more drugs. On February 24, 1976 Kane arrested Goncieski who cooperated, advising the D.E.A. that the source of the prior sale to Kane, which had been observed by other agents, had been the defendants Beverly and Rodriguez. Goncieski at the request of the D.E.A. sought more cocaine from the defendants, not identifying Kane as the prospective purchaser. The second sale took place on March 3, 1976. The D.E.A., alerted by Goncieski, kept the defendants under surveillance and arrested Beverly as he was passing a bag of cocaine to Goncieski. A search revealed additional cocaine on Beverly's person. Rodriguez was arrested later after Beverly identified him as the source of the drug.

At the trial, Beverly testified and admitted delivering the cocaine to Goncieski on March 3, 1976. However, he offered a rather improbable explanation of the transaction. According to Beverly, Goncieski had called him early on the morning of March 3 to ask for his help in repairing Goncieski's car. Beverly, accompanied by Rodriguez, proceeded to Goncieski's apartment only to find that the car had been towed away. Goncieski then said that he had been using the car to hide drugs and that he did not wish to keep them in his apartment where his aunt might find them. Beverly agreed to take possession of the drugs for a few hours as a favor for Goncieski. When they met later that morning so that the cocaine could be returned to Goncieski, the defend-ant was arrested. His then identification of Rodriguez as the supplier, he explained, was the result of intimidation by the D.E.A. agents. The jury obviously did not accept this version of the facts. Rodriguez did not testify and presented no witnesses.

## II

Appellants do not contest the sufficiency of the evidence but raise other points. Appellants urge that Judge Pratt committed reversible error in refusing to give the charge set forth in the margin.[1] This proposed defense charge required the trial court to give a hybrid instruction combining within the single charge instructions on the lesser included offense of simple possession, 21 U.S.C. § 844,[2] and entrapment with respect to that offense. No request was made for an instruction on entrapment on either the offense of possession with intent to distribute or the offense of distribution. Judge Pratt denied this requested charge. The trial court reasoned that if the jury believed Beverly's testimony that he was only holding the cocaine as a favor for Goncieski then they could not convict on the counts under 21 U.S.C. § 841(a)(1) since the requisite intent would not be present. In that situation he also concluded that entrapment on the simple possession count would have been established as a matter of law. Since, under his analysis, the jury in no event could convict Beverly of simple possession, Judge Pratt refused to instruct

1. The requested defense charge provided in relevant part:

The defendant Beverly contends that the Government informant, Robert Goncieski, had earlier given him the cocaine which was found on the car seat on March 3, 1976. He asserts that Goncieski had asked him earlier on that day to hold the drugs for him for several hours. Thus Beverly argues (a) that he had no intent to distribute this cocaine; and (b) that he was induced or entrapped into possessing the cocaine by the activity of the informant Goncieski on the morning of March 3rd.

If, after an impartial consideration of the evidence, you find beyond a reasonable doubt that defendant Beverly possessed cocaine on March 3, 1976 with intent to distribute it, you may find him guilty of Count Four.

On the other hand, if you find that he did possess the cocaine, but without any intent to distribute it, you may find defendant Beverly guilty on Count 4 of simple possession.
Title 21, United States Code, § 844
Rule 31(c), Federal Rules of Criminal Proced.

In that event, however, before finding defendant Beverly guilty of simple possession of cocaine on March 3, 1976, you must first find, beyond a reasonable doubt, that he was not entrapped into that possession by the Government informant, Robert Goncieski.

2. 21 U.S.C. § 844 is a lesser included offense of 21 U.S.C. § 841(a)(1). *United States v. Swiderski,* 548 F.2d 445, 452 (2d Cir. 1977).

them on it. Instead, the court offered to instruct the jury that

> if they do believe Beverly, then they must acquit. In fact, I would charge as to both defendants they must acquit on both counts four and five.

> I would also charge them they would have to, even if they don't believe precisely what Beverly had to say, they would have to find the elements based on the other testimony, including Goncieski, beyond a reasonable doubt.

Defense counsel for reasons related to trial tactics rejected the court's proposed charge.

■ A defendant is entitled to a lesser included offense charge only if the evidence would permit a jury rationally to find him guilty of the lesser offense but not guilty of the greater. *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). Here the defendant admitted possession of cocaine; the element in dispute was his intention with respect to the drug. If Beverly's testimony was believed, not only could he not be convicted of either possession with intent to distribute or of distribution, but he also could not be found guilty of simple possession because, as the trial court found as a matter of law, on those facts he would have been entrapped into committing that crime. Therefore, under *Keeble v. United States, supra,* the instruction on the lesser included offense was not to be given since no jury rationally could have found Beverly guilty of committing the crime of simple possession.

Judge Pratt could properly determine that if the jury believed Beverly, entrapment on the simple possession count was established as a matter of law. The defendant's testimony clearly established the inducement by a government agent to take possession of the cocaine; the prosecution failed to establish sufficiently Beverly's predisposition to commit the crime. Compare *Hampton v. United States,* 425 U.S. 484, 488–89, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976) with *Sherman v. United States,* 356 U.S. 369, 372–73, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). Under the unique circumstances of this case, we find that the defendant could not have been rationally convicted of simple possession because the only evidence that would have supported a conviction on that offense also established entrapment as a matter of law. Thus Judge Pratt correctly refused the requested instruction.

■ Beverly also attacks as unduly prejudicial to the defense the court's instructions to the jury on the consideration to be given the interests of a defendant and of an accomplice in weighing their respective testimony. We find that the charge on informant testimony met the requirement "that trial judges should call the jury's attention to their duty to scrutinize the testimony of accomplices and informers." *United States v. Swiderski,* 539 F.2d 854, 860 (2d Cir. 1976). The balance here between the instructions on accomplice and on defendant testimony is similar to that upheld in *United States v. Mahler,* 363 F.2d 673, 678 (2d Cir. 1966). We conclude that Judge Pratt's cautionary instructions on Beverly and Goncieski's testimony were eminently fair and proper.

Beverly also urges that the convictions on Count Four for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and Count Five for distribution of cocaine in violation of the same statutory provision merge. Thus, he argues, the judgment of conviction and sentence on Count Four must be vacated and the case remanded for resentencing.

■ This Circuit has never decided whether a conviction under 21 U.S.C. § 841(a)(1) for possession of cocaine with intent to distribute merged with a conviction under the identical statutory section for distribution of the same cocaine. However, as in *United States v. Vasquez,* 468 F.2d 565 (2d Cir. 1972), cert. denied, 410 U.S. 945, 93 S.Ct. 1400, 35 L.Ed.2d 612 (1973) we find no need to reach this issue since Beverly was sentenced concurrently on both Counts Four and Five. See *United States v. Gaines,* 460 F.2d 176, 179–80 (2d Cir.), cert. denied, 409 U.S. 883, 93 S.Ct. 172, 34 L.Ed.2d 139 (1972).

Appellant Rodriguez contends that this court must vacate his conviction on the conspiracy count, 21 U.S.C. § 846, because it is inconsistent with Judge Pratt's instructions to the jury on that count. He asserts that the trial court charged the jury that it could not return a guilty verdict on the conspiracy count unless it found Rodriguez guilty of one of the substantive counts. In essence, the appellant's argument is based on the premise that an acquittal on the charges of possession with intent to distribute, of distribution, and of aiding and abetting the commission of these offenses is factually inconsistent with a finding of guilt on a count of conspiracy to commit these offenses. There is no authority to support appellant's argument; indeed, the law is to the contrary. *United States v. Zane,* 495 F.2d 683, 690 (2d Cir.), cert. denied, 419 U.S. 895, 95 S.Ct. 174, 42 L.Ed.2d 139 (1974). A conviction on Count One was not necessarily inconsistent with acquittal on the substantive counts since there were other overt acts, included in the indictment and proved, to support that conviction. Nor did Judge Pratt charge that a finding of guilt on one of the substantive counts was necessary to return a guilty verdict on the conspiracy count. In any event, we find appellant's argument meritless and totally unsupported by both the facts and the law.

The Government agrees with Rodriguez that the three-year special parole term is in conflict with the Youth Corrections Act. We remand Rodriguez's case solely for the purpose of vacating the special parole term. The convictions appealed from are affirmed.