**UNITED STATES of America,**
Appellee,

v.

**Burnley Horace LANKFORD, Appellant.**

**No. 8367.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 9, 1961.

Decided Oct. 23, 1961.

William F. Davis, Suffolk, Va. (Thomas L. Woodward, Suffolk, Va., on brief), for appellant.

Roger T. Williams, Asst. U. S. Atty., Richmond, Va. (C. V. Spratley, Jr., U. S. Atty., and Shanley Keeter, Asst. U. S. Atty., Richmond, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, BELL, Circuit Judge, and CRAVEN, District Judge.

CRAVEN, District Judge.

This is a criminal case in which appellant was convicted of violations of 18 U.S. C.A. §§ 2312 and 2313, and of participation in a criminal conspiracy in violation of 18 U.S.C.A. § 371. From a sentence of three years in prison on each of four counts (to be served concurrently) he appeals, seeking a reversal or a new trial.

Seven defendants were named in a fifteen count indictment. Three of the seven were tried together, one of these being dismissed (with the effect of acquittal) on the second day, and the trial proceeded to verdict against appellant and co-defendant Ward. Five allegedly stolen automobiles were involved and the Government attempted to connect the appellant to three out of the five, and succeeded in persuading the jury of his connection with two of them. The evidence tended to show that the appellant had contacts with five out of six co-conspirators, and close association with several of them at Franklin, Virginia, alleged to be the hub of the conspiracy.

I. Did the District Court err in denying appellant's motion for severance?

The allegations of the indictment come clearly within the explicit provisions of Fed.Rules Crim.Proc., Rule 8(b), 18 U.S. C.A., which allows joinder of defendants "in the same indictment * * * if they are alleged to have participated * * * in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately, and

all of the defendants need not be charged in each count."

The question arises under Rule 14. This rule requires a separate trial "if it appears that a defendant \* \* \* is prejudiced by a joinder of offenses or of defendants \* \* \*."

In Middleton v. United States, 249 F.2d 719, 720 (4th Cir., 1957) this court said: "It is too well settled to admit of argument that the granting or denying of. \* \* \* motion for severance (is a matter) resting in the discretion of the trial judge."

Under the circumstances here we think there was no prejudice within the meaning of Rule 14, and that the refusal of the District Judge to order a severance was a reasonable exercise of his sound discretion. See Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960).

■ II. Can appellant's conduct with respect to the same automobile on the same day constitute violations of *both* sections 2312 and 2313 of 18 U.S.C.A.?

This is a problem of statutory construction. This court has previously held that the crime of receiving and concealing a stolen motor vehicle is a separate and distinct crime from that of transporting, and may be separately punished. Pifer v. United States, 158 F.2d 867 (4th Cir., 1946), cert. denied, 329 U.S. 815, 67 S.Ct. 636, 91 L.Ed. 695 (1947). The Sixth Circuit has reached the same conclusion. Woody v. United States, 258 F.2d 535 (6th Cir., 1957), aff'd per curiam, 359 U.S. 118, 79 S.Ct. 721, 3 L.Ed.2d 673 (1959).

Appellant contends that the above-cited cases are invalidated by Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961). We think not. That case was one of statutory construction involving statutes in the nature of larceny and receiving, and the decision in that case, although pertinent to the problem in this one, is not controlling for the simple reason that entirely different and unrelated statutes are being construed.

III. Other Assignments of Error.

Appellant objects to certain testimony received in the trial from the witness Hines. We do not think it sufficiently prejudicial to require extended discussion. Moreover, the appellant did not object to the questions or move to strike the answers.

■ Appellant also objects to a hearsay declaration of the co-defendant Ward that was received in evidence. This declaration had to do with whether appellant benefited from a sale to the extent of $350 as Ward said, or only $100 as the Appellant said. Except for degree the different versions are equally inconsistent with innocence, and we cannot see that prejudice resulted. Moreover, appellant did not object to the questions designed to elicit the testimony, nor did he make motions to strike.

■ The trial judge, in his discretion, excluded witnesses from the courtroom. Appellant contends that the witnesses communicated with each other and coached one another in their testimony. We do not think the record supports the charge of coaching.

■ Finally, appellant strenuously urges that the automobile involved in count six was not a stolen motor vehicle, and that for this and other reasons he was entitled to a judgment of acquittal at the conclusion of the Government's case. We disagree. To be sure, there is some evidence which makes one speculate as to whether or not the 1959 Pontiac was stolen, but the owner testified that it was. Appellant's argument that an insurance fraud was being practiced with the connivance of the owner is one for the jury rather than this court, and the jury rejected his argument. In our opinion there is plenary evidence justifying the District Judge in submitting the case to the jury for its determination, and taken in the light most favorable to the prosecution this evidence justifies and permits the finding of guilt beyond a reasonable doubt. It is true that the jury returned into court a verdict of guilty on count

nine and that appellant was not named in that count. However, the trial judge declined to accept the verdict and no harm occurred with respect to that count. In counts two and four, in which appellant *was* named, the jury returned verdicts of acquittal.

Careful examination of the record indicates that appellant has had a fair trial free of prejudicial error.

Affirmed.