UNITED STATES of America,
Plaintiff-Appellee,

v.

Wilfred JOHNSON, Defendant-Appellant.
No. 208, Docket 29122.

United States Court of Appeals
Second Circuit.

Argued Dec. 2, 1964.

Decided April 1, 1965.

Jerome Lewis, Brooklyn, N. Y., for defendant-appellant.

Michael J. Gillen, Asst. U. S. Atty., Eastern District of New York (Joseph P. Hoey, U. S. Atty., Eastern District of

New York, on the brief), for plaintiff-appellee.

Before FRIENDLY and SMITH, Circuit Judges, and BLUMENFELD, District Judge.[*]

J. JOSEPH SMITH, Circuit Judge.

Wilfred Johnson appeals from a sentence of imprisonment on conviction on trial to the jury in the United States District Court for the Eastern District of New York, Leo F. Rayfiel, District Judge, on one count of conspiracy to possess and sell counterfeit money in violation of 18 U.S.C. §§ 371, 2 and 472. Appellant assigns as error the existing rule that the testimony of an accomplice may be sufficient to support a conviction, a charge that the principal government witness was an accomplice, conviction on inaudible testimony and the charge on reasonable doubt. We find the charge on reasonable doubt inadequate and reverse and remand for new trial.

·I.

■ The instructions on reasonable doubt were as follows:

"The Government, as you have also been told, is required to prove its case beyond a reasonable doubt. Now, that term seems like a very easy one to define.

"I might define it as a doubt for which one could give a reason, or as counsel said, a doubt entertained by reasonable persons. Well, that possibly is an over-simplification.

"I have tried, on occasions when I am obliged to, try to convey to the jury what I mean by a reasonable doubt, to tell them that it may be best described as follows:

"Each one of you, when you retire to the jury room, carry with you your recollection of the testimony and possibly opinions, which I hope are tentative, as to how you feel about this testimony, and you begin to exchange views about the subject. Each of you listening to your colleagues on the jury, get an expression of their opinions. After weighing all the testimony in the case and giving it very serious consideration, if you arrive at a stage where you are morally convinced of a defendant's guilt, it is your duty to convict him. If you are not morally convinced of his guilt, and I am quite sure you will know when you have reached that stage, then it is your duty to acquit him.

"It is not a simple definition, but it is the best we have. We have nothing better than that. If I employ more words it would be likely to be confusing rather than helpful."

This was inadequate. Ordering the jury to convict if it arrive at a stage where it is morally convinced of guilt leaves the test altogether too indefinite. It could be taken to mean morally convinced that it was slightly more likely that defendant was guilty than not, and "morally convinced" might mean by some means other than reason. To be convinced to a "moral certainty" would have a somewhat different meaning, but not even that expression is found here. While no set form of words may be prescribed as the one acceptable definition, United States v. Davis, 328 F.2d 864, 867–868 (2 Cir. 1964), one acceptable formulation is that a reasonable doubt is not a vague, speculative, imaginary doubt but such a doubt as would cause prudent men to hesitate before acting in matters of importance to themselves, see Bishop v. United States, 71 U.S.App.D.C. 132, 107 F.2d 297 (1939). Alternatively, the rule may be put as conventionally charged, see United States v. Davis, supra 328 F.2d at 867 n. 1.[1] "Morally convinced" leaves the standard too much at large.

[*] Sitting by designation.

[1] "We take the following as representative of the safe but somewhat uninformative conventional instruction:

"'It is a doubt based on reason which arises from the evidence or lack of evidence. It is a doubt which a reasonable man or woman might entertain. It is not a fanciful doubt; it is not an imagined doubt; it is not a doubt that a juror might conjure up in order to avoid performing an unpleasant task or duty. Let me repeat, it is a reasonable doubt.'"

## II.

■ During the charge, the court indicated that ordinarily it would give the jury a brief resume of the testimony, but hesitated to do so "because frankly I have missed so much of it that I don't think it would be accurate and more likely it would be confusing rather than helpful." In view of this, it must be doubtful that the court could properly pass on defense motions to dismiss. In any case on retrial the court should make certain that the witness can be heard by court and jury or at the least that the court reporter can hear and read it back.

## III.

■ The other rulings attacked are not shown to be erroneous. Concededly, conviction here was based on the testimony of the witness Colantuono, a co-defendant who had pleaded guilty. Referring to the weight to be given Colantuono's testimony, the court charged: "There is another reason why his testimony must be given greater attention. He is an accomplice, and I charge you, as a matter of law, that he is an accomplice, participated, and he admitted he participated in the act which the Government claims constituted a conspiracy here, and every accomplice's testimony must be very closely scrutinized, must be weighed carefully for the purpose of determining how much, if any truth, you are to ascribe to it."

This was not prejudicial to defendant. Colantuono has admitted committing the crime with which the defendant is charged, and the court in so charging the jury gave no endorsement of Colantuono's testimony and did not dilute the general charge on the requirements of proof of personal guilt of appellant. See United States v. Gersh, 328 F.2d 460, 462 (2 Cir. 1964), cert. den. sub nom. Mugnola v. United States, 377 U.S. 992, 84 S.Ct. 1919, 12 L.Ed.2d 1045 (1964). Moreover, no exception was taken to this portion of the charge.

## IV.

■ The appellant urges us to rule that the conviction was invalid because based on the uncorroborated testimony of an accomplice. Where the jury is properly warned as to the careful scrutiny required and such testimony is convincing beyond a reasonable doubt, a conviction upon it will stand. United States v. Persico, 305 F.2d 534, 536 (2 Cir. 1962), United States v. Tarricone, 242 F.2d 555 (2 Cir. 1947).

The judgment is reversed and the case remanded for a new trial.