**UNITED STATES of America,**
**Appellee,**

v.

**William MARKS, Jr., Defendant-**
**Appellant.**

**No. 112, Docket 30498.**

United States Court of Appeals
Second Circuit.

Argued Oct. 18, 1966.

Decided Nov. 9, 1966.

Otto G. Obermaier, New York City
(Robert M. Morgenthau, U. S. Atty., for
the Southern District of New York,
Michael W. Mitchell, Asst. U. S. Atty.,
on the brief), for appellee.

Maurice Edelbaum, New York City,
for appellant.

Before WATERMAN, HAYS and
ANDERSON, Circuit Judges.

PER CURIAM.

Appellant was convicted by jury ver-
dict on two counts of bribing employees
of the Internal Revenue Service and on
two counts of aiding and abetting these
employees in violating 26 U.S.C. §
7214(a) (2).

Appellant contends that the fed-
eral rule permitting conviction on the
uncorroborated testimony of accomplices
is not one of invariable application, but
that it is the "better practice" to require
corroboration and that the circumstances
of the present case call for the use of
this "better practice." An identical
contention was advanced in United States
v. Armone, 363 F.2d 385, 402 (2d Cir.
1966) and was rejected by this court in
an opinion which cited United States v.
Kelly, 349 F.2d 720 (2d Cir. 1965), cert.
denied, 384 U.S. 947, 86 S.Ct. 1467, 16
L.Ed.2d 544 (1966). In the present case
the trial judge instructed the jury that
the government's witnesses were accom-
plices and that:

"You must, therefore, scrutinize
their testimony with special care and
act upon it with caution."

Appellant also argues that his
trial was unfair because the court pre-

vented the defense from cross-examining accomplice witnesses as to other occasions on which they had accepted bribes. Defendant was permitted to bring out that the government's witnesses had been convicted for accepting bribes, that they had not yet been sentenced and that they were testifying in the hope of avoiding jail sentences. It was well within the trial judge's discretion to limit further cross-examination on the issue of credibility. United States v. Irwin, 354 F.2d 192 (2d Cir. 1965), cert. denied, 383 U.S. 967, 86 S.Ct. 1272, 16 L.Ed.2d 308 (1966).

Affirmed.