**UNITED STATES of America,**
**Appellee,**

v.

**Thomas MATTIO, Appellant.**

**No. 211, Docket 30946.**

United States Court of Appeals
Second Circuit.

Argued Nov. 29, 1967.

Decided Jan. 9, 1968.

---

Frederick A. O. Schwarz, Jr., New York City (R. Mark Leidigh, New York City, on the brief), for appellant.

Michael J. Gillen, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty. for Eastern District of New York, on the brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Appellant Mattio and a co-defendant were found guilty after a jury trial of stealing goods from an interstate shipment in violation of 18 U.S.C. § 659, transporting in interstate commerce in violation of 18 U.S.C. § 2314 goods known to have been stolen, and conspiring, in violation of 18 U.S.C. § 371, to commit those crimes. The government's evidence consisted almost entirely of the testimony of four admitted participants in the theft of a shipment of rugs which had been loaded on a truck in New York for delivery in Connecticut. Appellant asserts that the trial judge erred in instructing the jury as to the standard by which accomplice testimony should be evaluated and in refusing to charge that the crucial question in the case was not whether the theft had been committed but whether appellant was involved in the theft. It is also claimed that certain aspects of the prosecutor's conduct deprived appellant of a fair trial. We find no error and affirm the judgment of conviction.

After instructing the jury that it might find from their testimony that any of four witnesses were accomplices, the trial judge charged as follows:

"An accomplice does not become incompetent as a witness because of his participation in the criminal acts charged.

"On the contrary, if the only evidence on some or all of the essential elements of any count is the testimony of an accomplice, it may still be of sufficient weight, if you believe it, to sustain a verdict of guilty without corroboration.

"Yet bear in mind that accomplice testimony is to be received with caution and weighed with care. You should not convict on unsupported accomplice testimony unless you believe that testimony beyond a reasonable doubt."

■ Appellant contends that this instruction conveyed to the jury the impression that it need give no greater scrutiny to accomplice testimony than to any other testimony. We disagree. The trial judge's charge that accomplice testimony should be "received with caution and weighed with care" was sufficient. Where charges on this subject have been stronger in their wording we have pointed out that they were more favor-

able to the defendant than the law required.[1]

■ The judge's charge was entirely clear in instructing the jury that its task was to determine whether the defendants were guilty of the crimes, and not merely whether the crimes had been committed.[2]

■ Appellant argues that the prosecutor acted unfairly in calling Charles Zaher as a government witness and asking him only about his prior criminal record (which included convictions for possession of narcotics and petit larceny and a plea of guilty to a charge of bank robbery) and whether he knew the defendants and their alleged accomplices (to which Zaher replied in the affirma-

---

1. See, e. g., United States v. Agueci, 310 F.2d 817, 833, 99 A.L.R.2d 478 (2d Cir. 1962), cert. denied, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963); United States v. Vita, 294 F.2d 524, 526 (2d Cir. 1961), cert. denied, 369 U.S. 823, 82 S.Ct. 837, 7 L.Ed.2d 788 (1962); United States v. Wilson, 154 F.2d 802, 805 (2d Cir.), rev'd on other grounds, 328 U.S. 823, 66 S.Ct. 1363, 90 L.Ed. 1603 (1946).

2. "The essential elements of Count 1, essential, that is, in the sense that the government must prove each element beyond a reasonable doubt or else you must acquit, are these:
"First, that the defendant took the goods from a motor truck;
"Second, that the goods taken were when taken moving as or were part of or constituted an interstate shipment of freight; and
"Third, that the defendant stole or took the goods with the intent of converting the goods to the defendant's own use."
* * * * *
"The essential elements of Count 2 which the government must prove beyond a reasonable doubt or else you must acquit the defendant on Count 2 are these:
"First: That the rugs were stolen or taken from a motor truck by someone with intent to convert them to such person's own use while they were moving as or were part of or constituted an interstate shipment of freight;
"Second: That the defendant transported the rugs in interstate commerce; and
"Third: That the defendant when he transported the rugs knew that the rugs were stolen."

"The essential elements of Count 4, each of which the government must prove beyond a reasonable doubt or else you must acquit, are:
"First, that the conspiracy—to steal the rugs or carry them away with intent to convert them to the takers' use while they were moving as and constituted part of an interstate shipment of freight from Queens to Milford—that such conspiracy was formed and existed at or about November 30, 1964;
"Second, that the defendant wilfully became a member of the conspiracy;
"Third, that the conspirators named in it committed at least one of the overt acts charged in the indictment substantially as the act is charged in the indictment; and
"Fourth, that such overt act was knowingly done in furtherance of some object or purpose of the conspiracy, as charged."
* * * * *
"You must consider the case of each defendant separately, and the case against each defendant on each count of the indictment separately, analyze the evidence as to each defendant and on each Count separately (for it is not the same as to all of the Counts for both defendants), and return a separate verdict on each Count as to each defendant. As to each Count against each defendant, the burden of proof resting on the Government requires it to prove each essential element of the charge beyond a reasonable doubt."

tive). Zaher's testimony on direct examination if it stood alone would have no probative value and might have tended to prejudice the defendants by suggesting that they were associates of a criminal. However, since Zaher's name had been mentioned in earlier testimony, the defense undoubtedly would have asked the jury to draw an adverse inference if the government had not produced him. Moreover, the ground for claiming prejudice was eliminated when on redirect examination Zaher testified as to appellant's involvement in planning the crime with which appellant was charged.

■ The prosecutor's summation is attacked as prejudicial and inflammatory. Appellant complains particularly of the prosecutor's urging the jury not to "separate" defendants from the "other crooks and thieves." This argument was to some extent responsive to the argument of co-defendant's counsel that defendants should not be grouped with the admitted criminals who testified against them. In light of this mitigating circumstance we hold that, although the prosecutor's remarks went to the limit of propriety, they were not sufficiently prejudicial to require reversal.

Affirmed.