**UNITED STATES of America, Appellee,**

**v.**

**Dominick MEDURI et al., Appellants.**

**Nos. 543, 581 and 582, Dockets 71–2128, 71–2135 and 72–1016.**

United States Court of Appeals, Second Circuit.

Argued Feb. 18, 1972.

Decided March 14, 1972.

Arnold E. Wallach, New York City, for appellant Meduri.

H. Elliott Wales, New York City, for appellant Ventriglia.

Michael N. Tobin, Jersey City, N. J. (Vincent L. Verdiramo, Jersey City, N. J., on the brief) for appellant Guilano.

George G. Bashian, Jr., Asst. U. S. Atty. (Robert A. Morse, U. S. Atty. for Eastern District of New York; David G. Trager, Asst. U. S. Atty., on the brief) for appellee.

Before FEINBERG and TIMBERS, Circuit Judges, and THOMSEN, Judge.*

FEINBERG, Circuit Judge:

This was originally an appeal by Dominick Meduri, Pasquale J. Ventriglia and Eugene Henry Guiliano from convictions in the United States District Court for the Eastern District of New York after a jury trial before John F. Dooling, Jr., J. On the day of argument, we affirmed in open court the conviction of appellant Ventriglia on count one of the indictment, which charged him with stealing a tractor-trailer truck containing goods moving in interstate commerce in violation of 18 U.S.C. §§ 659 and 2. Appellants Meduri and Guiliano were found guilty on count one, as well, but were also convicted on count two, which charged a violation of the same statutes because of unlawful possession of the truck and its contents. Appellants Meduri and Guiliano each received concurrent sentences on counts one and two [1] but nevertheless claim that count two should have been dismissed as mul-

---

* Of the District of Maryland, sitting by designation.

1. Meduri was sentenced to two years, of which 18 months were suspended, and placed on probation for five years. Guiliano was sentenced to three years, of which two years and six months were suspended, and placed on probation for five years.

tiplicitous. These appellants also raise other arguments as to why their convictions should be reversed, but we announced in open court that the only question on which we were reserving judgment was the claim of multiplicity.[2] We turn to that issue now.

The truck in question was stolen in the early hours of the morning of January 24, 1969. Agents of the Federal Bureau of Investigation, who had been tipped off, watched a station wagon containing four people stop by the truck. One of them got out, entered the cab of the truck, started the engine and drove away. The station wagon followed closely, and so did the FBI. After about five minutes and ten blocks, the agents stopped the truck and arrested its driver, Meduri. Guiliano, who was driving the station wagon, was also arrested.

Relying on Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L. Ed.2d 773 (1961), appellants claim that under 18 U.S.C. § 659 they could not be convicted both of stealing the tractor-trailer containing an interstate shipment of goods and of illegal possession of such goods, even though the stealing and the possession were separated by appreciable periods of time and space. The argument is foreclosed by our decision in United States v. Cusumano, 429 F.2d 378, 381 (2d Cir.), cert. denied, Riggio v. United States, 400 U.S. 830, 91 S.Ct. 62, 27 L.Ed.2d 61 (1970), in which the same argument based upon *Milanovich* was extensively covered in the briefs. We held that a thief under 18 U.S.C. § 659 can also under some circumstances be convicted of possession under that statute, the same one before us here. See also D'Argento v. United States, 353 F.2d 327, 334–335 (9th Cir. 1965), cert. denied, 384 U.S. 963, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966). In view of our re-

cent decision construing the same statute, we decline in this case to reconsider the difficult issues raised by the argument of multiplicity, see 8 Moore, Fed. Practice ¶8.07[1]–[3] (1969), especially since the trial judge quite properly imposed concurrent sentences for both offenses. *Cf.* United States v. De-Stafano, 429 F.2d 344, 348 (2d Cir.), cert. denied, 402 U.S. 972, 91 S.Ct. 1656, 29 L.Ed.2d 136 (1970). The convictions are affirmed.

---

**2.** At the time, we were under the impression that only appellant Meduri made this argument, and we therefore also affirmed the judgment against Guiliano. We have since discovered that he too makes this argument. Accordingly, we have regarded the judgment of conviction against Guiliano, on count 2, as well as the judgment

against Meduri, on count 2, as not yet affirmed until the filing of this opinion.