**UNITED STATES of America,
Appellee,**

v.

**Roger R. PLOOF and George J. Godin,
Appellants.**

**Nos. 774, 775, Dockets 72–1073, 72–1095.**

United States Court of Appeals,
Second Circuit.

Argued May 11, 1972.

Decided July 3, 1972.

Thomas A. Malec, Branford, Conn., for appellant Godin.

Barry J. Cutler, Asst. U. S. Atty., New Haven, Conn. (Stewart H. Jones, U. S. Atty., New Haven, Conn., on the brief), for appellee.

Before FRIENDLY, Chief Judge, and McGOWAN * and TIMBERS, Circuit Judges.

TIMBERS, Circuit Judge:

Appellants Roger R. Ploof and George J. Godin appeal from judgments of conviction entered after a five day jury trial in the District of Connecticut, Thomas F. Murphy, District Judge,** finding them guilty on one substantive count of receiving and concealing a stolen motor vehicle moving in interstate commerce and on two counts of conspiring, respectively, to transport and to receive and conceal such vehicles, in violation of 18 U.S.C. §§ 2313 and 371 (1970).[1] On appeal they claim error in the empanelling of the jury; in the charge to the jury; in the failure of the evidence to prove that they received and concealed a stolen motor vehicle (rather than that they stole and transported it); and in the government's charging multiple conspiracies. Finding no error, we affirm.[2]

Ira B. Grudberg, New Haven, Conn. (Jacobs, Jacobs, Grudberg & Clifford, New Haven, Conn., on the brief), for appellant Ploof.

I.

With respect to empanelling the jury, both appellants claim that the court erred, after defendants had exhausted

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

** Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. Ploof and Godin were sentenced to five year terms of imprisonment on each of the three counts. As to each appellant, the sentences on the conspiracy counts were ordered to run concurrently with each other but consecutively to the sentence on the substantive count. The effective sentence for each appellant is ten years.

Together with appellants Ploof and Godin, three other co-defendants were named in the indictment: Anthony Giordano pleaded guilty to a substantive count and was sentenced to a five year term of imprisonment; George R. Martineau, against whom the indictment was dismissed, testified for the government in the instant case, and pleaded guilty to another indictment pending against him in the District of Connecticut; and Karen M. Pratt was acquitted by Judge Murphy at the close of the evidence.

2. We see no need for a detailed statement of the evidence since appellants make no claim that the evidence was insufficient, except they do argue that the evidence established at most that they stole and transported a truck, not that they received and concealed it. We discuss that claim in section III, infra.

their peremptory challenges, in overruling a challenge for cause directed at a venireman named Dorris. In response to the court's voir dire examination, Dorris at first said that his thinking "might" be affected because a friend of his had been stuck with a stolen car three years before; but, upon being reminded by the court of his oath, he said that that would do away with the "might" and that he would do his best.[3]

▮ Earlier the court had excused for cause, on its own motion, four veniremen who related recent experiences they or immediate members of their families had had involving stolen or vandalized cars which they believed would bias them. We think there was a visible and significant difference between the ultimate position of Juror Dorris and that of the veniremen earlier excused for cause. Furthermore, we can appreciate the trial judge was getting a little sick of jurors trying to escape service by saying that their own experience or that of members of their families with stolen cars would render them unable to return a just verdict. Hence, when Juror Dorris tried to extend the range for disqualification by reporting that he knew of somebody who had been stuck with a stolen car, we think the judge acted well within his discretion, not only in overruling the challenge for cause but in reminding this venireman and others present in the courtroom of the sanctity of the juror's oath.

▮ In the last analysis, the judge was in the best position to evaluate the juror's demeanor and to determine, by the juror's answers to the judge's questions, whether he could fairly and impartially hear the case and return a verdict based solely on the evidence presented in court. The judge made that determination. Given the broad discretion granted to trial judges in this Circuit to determine bias of jurors on challenges for cause, we hold that Judge Murphy acted well within that grant of discretion. Mi'kus v. United States, 433 F.2d 719, 722–24 (2 Cir. 1970); United States v. Palumbo, 401 F.2d 270, 275 (2 Cir. 1968), cert. denied, 394 U.S. 947 (1969); United States v. Haynes, 398 F.2d 980, 982–87 (2 Cir. 1968), cert. denied, 393 U.S. 1120 (1969); Stephan v. Marlin Firearms Company, 353 F.2d 819, 822–23 (2 Cir. 1965), cert. denied, 384 U.S. 959 (1966). See Dennis v. United States, 339 U.S. 162, 168, 171–72 (1950).

▮▮ As a sequel to the seating of Dorris as Juror No. 12, counsel for appellant Ploof argues that the judge badgered him by asking, "Is the jury satisfactory to the defendant?"; and, failing to get a responsive answer from counsel, by repeating the question several times. The short answer to this claim is that counsel had it within his power to have avoided what he refers to in his brief as gamesmanship by answering the judge's question with an unequivocal "No" or by stating—as counsel for the other defendants did—that the jury was satisfactory with the exception of No. 12. It was no secret that counsel had objected to the seating of Dorris, for this had been done in the presence of the jury, no request to the contrary having been made.[4]

II.

▮ Appellant Ploof complains about the charge in two respects. On accomplice testimony (referring to the govern-

3. Judge Murphy's colloquy with Juror Dorris on this point was as follows:
   "The Court: Well, do you think that experience which your friend had would interfere in any way with your thinking or judgment?
   Juror Dorris: It might.
   The Court: Well, I know all things are possible. But if you took an oath to say that you would well and truly try this case as between the Government and these people who are accused, wouldn't that do away with the 'might' part, and you would do your best?
   Juror Dorris: I think it would. I would do my best.
   The Court: That is all we all can do, is our best."

4. There are few aspects of a jury trial where we would be less inclined to dis-

ment witness Martineau), the court charged in substance that, while a conviction may rest on the uncorroborated testimony of an accomplice if believed, accomplice testimony should be weighed with caution and scrutinized carefully. As counsel for Ploof concedes, the charge on this issue was substantially in accordance with the long settled law of this Circuit. United States v. Caci, 401 F.2d 664, 672 (2 Cir. 1968), cert. denied, 394 U.S. 917 (1969); United States v. Mattio, 388 F.2d 368, 369–70 (2 Cir.), cert. denied, 390 U.S. 1043 (1968); United States v. Marks, 368 F.2d 566 (2 Cir. 1966); United States v. Armone, 363 F.2d 385, 402 (2 Cir. 1966), cert. denied, 386 U.S. 933 (1967); United States v. Kelly, 349 F.2d 720, 767 (2 Cir. 1965), cert. denied, 384 U.S. 947 (1966); United States v. Johnson, 343 F.2d 5, 7 (2 Cir. 1965); United States v. Persico, 305 F.2d 534, 540 (2 Cir. 1962); United States v. Tarricone, 242 F.2d 555, 557 (2 Cir. 1957). Ploof's complaint about the accomplice charge, rather than its being erroneous, is that "it would have been more fitting coming from [government counsel] than from Judge Murphy." Counsel concedes, as the trial judge reminded him, that he had "used the word 'uncorroborated' at least ten or fifteen times" during summation. We see nothing wrong with a trial judge, who thinks

defense counsel has overdone the argument that an accomplice was not corroborated, bringing the matter back into focus.

■ In like vein, Ploof complains about the court's charge that failure to call a witness equally available to both parties permits an inference against either. He argues that this charge in a criminal case "upset the burden of proof and violated the presumption of innocence." But as counsel recognizes, such charge has been expressly approved by. this Court, United States v. Crisona, 416 F.2d 107, 118 (2 Cir. 1969), cert. denied, 397 U.S. 961 (1970);[5] United States v. Evanchik, 413 F.2d 950, 953–54 (2 Cir. 1969), and has been the rule in this Circuit for many years. We see no reason for reconsidering it.

### III.

■ Both appellants further contend that the evidence established, if anything, that they "are guilty of the *theft and transporting* of the vehicle", not that they "did *receive and conceal*" the vehicle as charged in Count One pursuant to 18 U.S.C. § 2313 (1970). (Emphasis added). They argue that one cannot be guilty of receiving stolen goods if one is the thief, i. e. one cannot receive from one's self. We reject this

turb a trial judge's exercise of discretion, absent clear abuse, than in ruling on challenges for cause in the empanelling of a jury. Indeed the entire voir dire procedure in the empanelling of a jury, by its nature, is one best left to the sound discretion of the judge.

The District of Connecticut provides a practical illustration of the wisdom of such a rule. For many years this District has relied heavily upon help from visiting judges to keep its dockets reasonably current. During the past fiscal year, of all the federal districts in the Country, the District of Connecticut was the fourth highest recipient of judicial assistance from outside of the District (56 net days received), ranking behind only the Southern and Northern Districts of California and the District of Puerto Rico. Administrative Office of the United States Courts, Management Statistics for United States Courts 2-1 (1972).

Within the limits set by the rules, there necessarily are slight variations from district to district in the empanelling of juries. For example, in the instant case, Ploof's counsel stressed in his argument before us that Judge Murphy had required counsel to exercise their challenges in the presence and hearing of the veniremen (as is customary in the Southern District of New York), rather than at a side bar conference with the judge (as is customary in Connecticut). The discretion granted to trial judges in this area is broad enough to permit the judge to follow the practice with which he is familiar, especially, as here, absent a request by counsel to the contrary.

5. Judge Murphy's charge on failure to call witnesses in the instant case was almost *in haec verba* as given by the same Judge Murphy in *Crisona* where it was expressly approved by us. 416 F.2d at 118.

**120**

claim as contrary to the evidence and the controlling law.

There was evidence from which the jury could have found that Ploof and Godin stored the stolen truck in East Haven and had it repainted after they brought it to Connecticut from out of state. That there also was evidence that Ploof and Godin had stolen the truck and had transported it across state lines does not render inconsistent the conviction on the charge of receiving and concealing. Earlier this Term we held in a closely analogous situation that persons could be convicted both of stealing a tractor-trailer containing an interstate shipment of goods and of illegal possession of such goods, United States v. Meduri, 457 F.2d 330 (2 Cir. 1972), and we referred to our decision in United States v. Cusumano, 429 F.2d 378, 381 (2 Cir.), cert. denied sub nom. Riggio v. United States, 400 U.S. 830 (1970), "in which the same argument based upon *Milanovich* [6] [as appellants make in the instant case] was extensively covered in the briefs." See D'Argento v. United States, 353 F.2d 327, 334–35 (9 Cir. 1965), cert. denied, 384 U.S. 963 (1966).

■ Although appellants in the instant case were convicted of only one substantive offense—receiving and concealing a stolen motor vehicle—other Circuits uniformly have held that under the Dyer Act the offenses of transporting a stolen motor vehicle (§ 2312) and receiving and concealing it (§ 2313) are distinct offenses which can be committed at the same time, with the same property, by the same person, who can be sentenced to consecutive prison terms

for such distinct offenses. United States v. Thompson, 442 F.2d 1333 (6 Cir. 1971); Linkenauger v. United States, 357 F.2d 925 (6 Cir. 1966); United States v. Lankford, 296 F.2d 34 (4 Cir. 1961); Woody v. United States, 258 F.2d 535, 536 (6 Cir. 1957), aff'd by an equally divided Court, 359 U.S. 118 (1959); Madsen v. United States, 165 F.2d 507, 510 (10 Cir. 1947). We would see no reason for not following the other Circuits on this issue even if appellants had been convicted of substantive offenses under both § 2312 and § 2313.

IV.

■ Finally, both appellants claim that they were prejudiced by being charged under three conspiracy counts (upon two of which they were convicted) when the evidence established only one conspiracy. We hold that Judge Zampano properly exercised his discretion in refusing to consolidate the conspiracy counts for trial, thus according appropriate recognition, absent a showing of prejudice to the defendants, to prosecutorial discretion in framing the indictment "to meet the different interpretations which might be placed on the evidence by the jury." United States v. McKnight, 253 F.2d 817, 819 (2 Cir. 1958). See United States v. Maryland State Licensed Beverage Association, 240 F.2d 420 (4 Cir. 1957).

The record shows that Judge Zampano, at the hearing on defendants' motion to compel the government to elect between the conspiracies or to consolidate them, weighed very carefully defendants' claims of potential prejudice against the government's need for flexi-

---

6. Milanovich v. United States, 365 U.S. 551 (1961). Mr. Justice Stewart (who as Circuit Judge wrote the opinion in Woody v. United States, *infra*) wrote the majority opinion in *Milanovich* (5–4), holding that under the federal embezzlement statute, 18 U.S.C. § 641 (analogous to the federal bank robbery statute, 18 U.S.C. § 2113), the accused could not be convicted and cumulatively sentenced for stealing and also for receiving the same goods. Justice Stewart pointed out that "the question is one of statutory construc-

tion, not of common law distinctions." 365 U.S. at 554.

In the instant case, aside from the fact that the Dyer Act, quite a different statute, is involved, see United States v. Meduri, *supra*, 457 F.2d at 331; United States v. Cusumano, *supra*, 429 F.2d at 381; D'Argento v. United States, *infra*, 353 F.2d at 334–35, appellants here were convicted of only one substantive offense —receiving and concealing a stolen motor vehicle.

bility in presenting its evidence in a complex case. He concluded as follows:

"After listening to the argument, I think the indictment should stand as is. If later on something comes up or during the trial it gets into difficulty, I can take care of it then by striking certain counts, taking them away from the jury, or by carefully framing the business for the jury, and other remedies that are available."

We think this was a judicious and eminently fair way of handling the matter. Defendants failed at the pretrial hearing to convince Judge Zampano of any substantial likelihood of prejudice to them from the multiple conspiracy counts. And they have not convinced us that they were prejudiced in any material way at trial.

We have carefully considered each claim of error raised by appellants. We hold that, whether considered separately or in the aggregate, they are without merit. Appellants were accorded a fair trial. They were convicted by a jury on the basis of overwhelming evidence of serious crimes. We order that the mandate issue forthwith.

Affirmed.