UNITED STATES of America,
Appellee,

v.

Kenneth IRBY, Appellant.

No. 72-1711.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1973.

Decided June 29, 1973. .

Rehearing and Rehearing En Banc
Denied Aug. 7, 1973.

John F. Arnold, St. Louis, Mo., for appellant.

Michael W. Reap, Sp. Atty., U. S. Dept. of Justice, Office for Drug Abuse Law Enforcement, St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, and ·MEHAFFY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

· Defendant, Kenneth Irby, was convicted by a jury verdict on two counts of violating 21 U.S.C. § 841(a)(1), knowingly and intentionally distributing approximately .31 grams of heroin, a controlled substance, and possessing heroin with the intent to distribute approximately 1.06 grams of the narcotic drug. On November 17, 1972, upon the jury's finding of guilty, defendant was sentenced to custody for five years under each count, such terms to run concurrently, and to be followed by a special parole term of three years.[1]

_____

1. *See,* 21 U.S.C. §§ 841(b) (1) (A) and 841(c)

## I.

Defendant initially urges that in its charge to the jury, the district court refused to distinguish between the general intent required to prove Count I and the specific intent inherent in Count II.

Concededly, an explanation of the significance of "general" versus "specific intent" might have been given. The record demonstrates, however, in its charge the district court instructed the jury as to the elements of each count. In so doing, the Court noted that "specific intent" was required under Count II.[2] The jury was also instructed on the lesser included offense of simple possession under Count II. In addition the Court gave standard instructions as to proof of intent,[3] and the meaning of "knowingly."

■ We are satisfied that the failure of the district court to give a "cautionary" instruction setting out the different intent required in Count I and Count II did not constitute reversible error since the Court's charge as a whole correctly instructed the jury as to the required elements of each count. United States v. Mitchell, 463 F.2d 187, 191 (8th Cir. 1972). The jury was specifically instructed that the offenses were to be considered separately.

Even assuming, however, that a cautionary instruction should have been given, reversal is not mandated. As noted, the jury had been instructed as to proof of intent, and defendant was properly convicted under Count I based upon that standard. Since defendant's five year sentences under each count were concurrent, his conviction solely under Count I supports the imposed sentence. "The law is settled that reversal is not required if the conviction underlying any one of several concurrent sentences is valid and alone supports the sentence and judgment." Kilcrease v. United States, 457 F.2d 1328, 1331 (8th Cir. 1972); accord, United States v. Dugan, 477 F.2d 140 (8th Cir. 1973); United States v. Huckensteine, 475 F.2d 1131 (8th Cir. 1973); compare Greene v. United States, 358 U.S. 326, 329–330, 79 S.Ct. 340, 3 L. Ed.2d 340 (1959). In this case there is no reason for not applying the concurrent sentence doctrine. See, Benton v. Maryland, 395 U.S. 784, 789–790, 89 S. Ct. 2056, 2059–2060, 23 L.Ed.2d 707; accord United States v. Bessesen, 433 F.2d 861, 867 (8th Cir. 1970).

## II.

Defendant next asserts that the district court erred when it permitted one Detective Swan to testify to statements made by defendant while in custody, since no foundation was laid as to voluntariness thereof. See Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

According to Detective Swan, subsequent to defendant's arrest and prior to questioning, defendant was advised of his Miranda rights. During the trial, Swan testified that he had questioned defendant relative to the source of the heroin. Defendant indicated to Swan

2. The district court charged that: "The essential elements of Count One, each of which the government must prove beyond a reasonable doubt are:
  *First:* That the defendant, Kenneth Irby, did distribute heroin, a schedule one controlled substance;
  *Second:* That the defendant, Kenneth Irby, did so knowingly and intentionally.
  The essential elements of Count Two, each of which the government must prove beyond a reasonable doubt are:
  *First:* That the defendant, Kenneth Irby, possessed heroin, a schedule one controlled substance;
  *Second:* That the defendant, Kenneth Irby, did so possess with a *specific intent* to distribute heroin, a schedule one controlled substance; and
  *Third:* That the defendant, Kenneth Irby, did so knowingly and intentionally." (Emphasis supplied.)

3. *See,* W. Mathes, Jury Instructions and Forms for Federal Criminal Cases, 27 F.R.D. 39, 78 (1960); *but see,* United States v. Guy, 456 F.2d 1157, 1164–1165 (8th Cir. 1972).

that he had purchased the substance from Albert Franklin.[4]

No objection was made to the admission of this inculpatory statement by defendant. This is consistent with his defense that he possessed heroin but with no intent to sell it or to distribute it. During opening statement, defense counsel stated that defendant "bought several packets of heroin," and that he threw down the heroin just prior to his arrest. Counsel stated further that "he'll [defendant] admit to you [the jury] that he did have heroin on his possession but he'll tell you he never offered it for sale nor had he intended to do so." In closing argument counsel stressed that defendant was guilty of the misdemeanor of simple possession and not guilty of the felony charge of distribution or possession with intent to distribute the narcotic drug. Defendant now urges for the first time that no foundation was laid to demonstrate the voluntariness of his initial admission to Detective Swan.

■ The record discloses that defense counsel not only failed to raise an objection at trial, but indeed attempted unsuccessfully to formulate a trial tactic based upon the theory of simple possession without the intention to resell. *See,* Nance v. United States, 440 F.2d 617, 619–620 (7th Cir. 1971); *see generally,* United States v. Carter, 431 F.2d 1093, 1096, 1097 (8th Cir. 1970). It is

apparent that defendant deliberately bypassed his opportunity to object. Since under these circumstances we find no plain error, defendant will not now be heard to complain about that which hindsight proves to be an ineffective strategy.[5]

## III.

It is also defendant's position that the evidence on this record as a whole is insufficient to establish his guilt upon Count II beyond a reasonable doubt, and that the district court therefore erred in denying his motion for acquittal notwithstanding the verdict.

■ Although the evidence with respect to Count II is wholly circumstantial, we are satisfied that there is substantial evidence upon this record sufficient to establish defendant's guilt in the minds of the jurors "beyond a reasonable doubt." Accordingly, the motion for acquittal notwithstanding the verdict was properly denied. United States v. Reed, 446 F.2d 1226, 1230 (8th Cir. 1971); *see,* Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

## IV.

■ Defendant also argues that the district court erred when it overruled defendant's objections to testimony by the arresting officers relating to the chemical content of exhibits; that the dis-

---

4. Direct examination of Detective Swan:
   *   *   *   *   *

   Q All right. Now, going back to the statement, could you begin, start at the beginning and then give the entire statement that Bernard Boyd—I mean Kenneth Irby made to you?
   A I questioned—I questioned him relative to the suspected heroin that we had seized from him and I asked him where he obtained it, or who he had bought it from, and Kenneth Irby stated, "do you remember the guy that was with me at the time I was busted, not Boyd," he said, "the other, the dude in the pink shirt? And he said, "I copped it off of his brother Albert."
   Q Albert Franklin?
   A Albert Franklin; right.

   *   *   *   *   *
   Q All right. And what is generally meant by the term "copped"?
   A Copped?
   Q As far as the street language.
   A Is buy or—meant pay something. It is a term used in dope. It is when somebody cops something, he buys something from another individual. It is selling.

5. *But see,* Henry v. Mississippi, 379 U.S. 443, 451, 85 S.Ct. 564, 569, 13 L.Ed. 2d 408 (1965), " *  .*   *  [T]rial strategy adopted by counsel without prior consultation with an accused will not, *where the circumstances are exceptional,* preclude the accused from asserting constitutional claims, *   *   *." (Emphasis supplied.)

trict court erred in overruling defendant's motion for judgment of acquittal at the close of the government's case, since the government allegedly failed to prove that the substance was heroin; and that the district court abused its discretion in admitting exhibits since the chain of custody allegedly was not established.

Upon examination of the record before us, we are satisfied that the district court's rulings were correct, and that these allegations are wholly without merit. We therefore find further discussion to be unnecessary.

The judgment of conviction is affirmed.