**UNITED STATES of America,
Appellee,**

v.

**Thomas Anthony SIMONE,
Appellant.**

**No. 73–1839.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1974.

Decided April 29, 1974.

Rehearing and Rehearing En Banc
Denied May 29, 1974.

Robert G. Duncan, Duncan & Russell (Gladstone), Mo., for appellant.

Robert B. Patterson, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before GIBSON, BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

On September 20, 1972, appellant was convicted in the United States District Court, Western District of Missouri, by a jury on Counts I, IV and VIII of an eight count indictment. Count I charged a violation of 18 U.S.C. § 371 (conspiracy to violate 18 U.S.C. §§ 471 and 472), Count IV charged a violation of 18 U.S.C. §§ 2 and 471 (causing to be counterfeited obligations of the United States), and Count VIII charged a violation of 18 U.S.C. §§ 2 and 473 (causing counterfeit obligations to be sold, transferred or delivered). On September 7, 1973, appellant was sentenced to custody for three years under each count, such terms to run concurrently.

## I.

Appellant initially contends that there was insubstantial evidence to sustain his conviction upon Count IV of the indictment charging that he "did counterfeit and caused to be counterfeited" the bills in issue. He argues that he was improperly convicted of the offense of counterfeiting or causing to be counterfeited obligations of the United States, since the notes in issue had been made prior to his connection with the conspiracy. This argument is not persuasive. The government's evidence consisted principally of the testimony of three co-conspirators, Newton Tritico, John Fenton and George Kallas, all of whom entered guilty pleas prior to trial.

The record, totalling nearly seven hundred and fifty pages, discloses that in January of 1972, co-conspirators Kallas and Fenton met in Kansas City, Missouri, to discuss the sale of counterfeit money which Fenton could supply. Kallas, in turn, approached appellant about the matter. Appellant agreed to furnish the "front money" (money to be paid Fenton for making the counterfeit bills). Kallas and appellant eventually purchased $3,000 in counterfeit bills, and arranged with co-conspirator Tritico to pass the bills in St. Louis, Missouri. Tritico and one Thomas Brill were subsequently apprehended attempting to pass the bogus money and agreed to cooperate with undercover agents who made purchases of several counterfeit bills from Kallas which appellant and Kallas purchased from Fenton.

During the initial meeting of the co-conspirators in Kansas City, appellant was shown a sampling of co-conspirator Fenton's counterfeit product. Appellant commented to Fenton that the backs of the bills were "too light" and that they should be improved. Appellant then advised Fenton to "[p]rint all you can for three months," then "dump the press into the river." $30,000 of the "light bills" were subsequently destroyed.

Thereafter, Fenton returned with a new sampling of the bills. These met with appellant's approval and appellant, through Kallas, placed an order for $3,000 of the new bills in ten-dollar denominations. Additional purchases were made by Kallas and appellant subsequent thereto. The orders were also placed through Kallas.

The record indicates that the serial numbers appearing on the bills were changed with each order. When an order was completed the plate and the negative used in printing would be destroyed and the particular serial numbers used in manufacturing the order would not be used again. Thus, the serial numbers used in printing those bills under Count IV were unique to that order. They were placed on the bills after the order was entered, and were retired thereafter.

We must view this evidence in a light most favorable to the jury verdict and resolve any and all evidentiary conflicts in favor of that determination. United States v. Henson, 456 F.2d 1045, 1045–1046 (8th Cir. 1972); United States v. Scarpellino, 431 F.2d 475, 477 (8th Cir. 1970); McClard v. United States, 386 F.2d 495, 497 (8th Cir. 1967). Upon this record we are satisfied that the jury could reasonably infer that appellant did in fact assume an active role in the manufacture of the counterfeited ten-dollar bills in that he caused those bills to be counterfeited as charged under Count IV. *See*, 18 U.S.C. § 2, *supra*.

Assuming, *arguendo*, that appellant's conviction under Count IV was improper, reversal with respect to this issue would still not be required. Appellant's three-year sentences under each count were concurrent. Therefore, his convictions either under Count I (conspiracy) [1] or Count VIII (causing counterfeit obligations to be sold, transferred or delivered) [2] would support the sentence and judgment. United States v. Irby, 480 F.2d 1101, 1102 (8th Cir.

---

1. 18 U.S.C. § 371, *supra; see discussion, infra.*

2. 18 U.S.C. §§ 2 and 473, *supra.*

1973); Kilcrease v. United States, 457 F.2d 1328, 1331 (8th Cir. 1972); *compare*, Greene v. United States, 358 U.S. 326, 329–330, 79 S.Ct. 340, 3 L.Ed.2d 340 (1959). In this case we find no reason for not applying the concurrent sentence doctrine. *See*, United States v. Irby, *supra*, 480 F.2d 1101, 1102 (8th Cir. 1973); *see also*, Benton v. Maryland, 395 U.S. 784, 789–790, 89 S.Ct. 2056, 2059–2060, 23 L.Ed.2d 707 (1969). The evidence supporting appellant's conviction under either Count I or Count VIII was strong.

## II.

 The main thrust of appellant's second contention is that the indictment charged multiple conspiracies as a single conspiracy.[3] Kotteakos v. United States, 328 U.S. 750, 766–777, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

Unlike *Kotteakos*, the successive stages, arrangements and agreements between and among the co-conspirators herein constituted the various phases in achieving one basic and ultimate conspiracy as charged under Count I. In all respects the record supports this conclusion: that beginning on or about January 1, 1972 and continuing until on or about February 9, 1972, appellant, together with co-conspirators Kallas and Fenton all knowingly joined with Charles Torrence, now deceased, Newton Tritico and Joseph Brill, named as co-conspirators but not as defendants, and with other unknown individuals, for the purpose of a common end—counterfeiting obligations of the United States and selling them; and that appellant's role therein was but one part of a basic overriding plan. *See*, Blumenthal v. United States, 332 U.S. 539, 68 S.Ct. 248, 92 L. Ed. 154 (1947).

 In the alternative appellant argues that the indictment was multiplicious and duplicious, and that he was prejudiced thereby. We cannot agree. Each count charged a separate offense for which different elements of proof were necessary to sustain a conviction. *See*, Amer v. United States, 367 F.2d 803, 805 (8th Cir. 1966); *see generally*, United States v. Brandom, 320 F.Supp. 520, 524–525 (D.C.W.D.Mo.1970); *cf.*, United States v. Warner, 428 F.2d 730, 735 (8th Cir. 1970).

The judgment of the district court is affirmed.

3. Appellant suggests that Count I of the indictment alleges three conspiracies, only one of which relates to him. He argues that Count I first alleges that he, together with five other named defendants conspired first to violate 18 U.S.C. § 471 (causing to be counterfeited obligations of the United States), second, that they conspired to violate 18 U.S.C. § 472 (passing, uttering, publishing the counterfeit bills, etc.), and third, in connection with overt act #10 under Count I, that on or about February 8, 1970, George Kallas passed and sold approximately $26,000 in counterfeit ten-dollar bills to a special agent of the Secret Service.