UNITED STATES of America, Appellee,

v.

James G. NEIGHBORS, Appellant.

No. 74–1616.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 6, 1975.

Decided May 14, 1975.

Louis Wagner, Kansas City, Mo., on brief for appellant.

Bert C. Hurn, U. S. Atty., and Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., on brief for appellee. J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., was present when the case was submitted to the Court but did not make oral argument.

Before JOHNSEN, Senior Circuit Judge, and STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Appellant was charged and convicted upon jury verdict in a two-count indictment for willfully and knowingly transporting and causing to be transported a stolen vehicle in interstate commerce, 18 U.S.C. § 2312 [Count I], and willfully and knowingly receiving a stolen vehicle in interstate commerce, 18 U.S.C. § 2313 [Count II]. The district court[1] imposed sentence of five years imprisonment on each count to run concurrently.

Appellant raised by timely objection below and in his brief on appeal the contention that the government should have been required to elect between the offenses and that the jury should not have been instructed so as to allow it to return a guilty verdict on both counts. We disagree and affirm.

The sufficiency of the evidence to support the verdict is not challenged. Appellant simply contends that a person cannot be guilty of receiving stolen property if he is himself the thief. Paramount reliance is placed upon Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961).

In *Milanovich* one of the petitioners was convicted both of stealing and receiving currency from the commissary at a United States naval base in violation of 18 U.S.C. § 641. The petitioner was sentenced to ten years imprisonment on the larceny conviction and to a five year concurrent sentence on the receiving count. The Supreme Court held that a defendant could not be convicted of stealing and receiving the same goods under the statute. The Court remanded the case for a new trial, since it was impossible to determine what verdict would have been returned had the jury been properly instructed that a conviction could be returned on either receiving or larceny, but not both. It was therefore impossible to determine what sentence would have been imposed. *Milanovich, supra* at 554–55, 81 S.Ct. 728.

*Milanovich* does not control this case. *Milanovich* dealt with an entirely different statute and set of circumstances. We are not here faced with the uncertainty of the *Milanovich* circumstances. The sentences in this case were identical, concurrent terms on both counts. Appellant here was charged with transporting (causing to be transported) and receiving a stolen vehicle.

The circuit courts of appeal which have faced the issue have held that the offenses described in sections 2312 and 2313 are distinct offenses and that consecutive sentences are proper. United States v. Ploof, 464 F.2d 116, 119–20 (2nd Cir. 1972); *see also* United States v. Thompson, 442 F.2d 1333 (6th Cir. 1971); United States v. Linkenauger, 357 F.2d 925 (6th Cir. 1966); United States v. Lankford, 296 F.2d 34 (4th Cir. 1961); Woody v. United States, 258 F.2d 535, 536 (6th Cir. 1957), affirmed by an equally divided court, 359 U.S. 118, 79 S.Ct. 721, 3 L.Ed.2d 934 (1959); Madsen v. United States, 165 F.2d 507, 510 (10th Cir. 1947).

In any event, we find it unnecessary to reach the issue of statutory construction in this case. The sentences here were identical and concurrent on the two counts. The evidence against appellant was strong. Conviction on either count would support the sentence and judgment. We have reviewed the record and are satisfied that no prejudice will result in the application of the concurrent sentence doctrine. We affirm on the basis of the concurrent sentence doctrine. *See*

1. The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

United States v. Simone, 495 F.2d 752, 753–54 (8th Cir. 1974); United States v. Irby, 480 F.2d 1101, 1102 (8th Cir. 1973); *see also* United States v. Vasquez, 468 F.2d 565, 566 (2d Cir. 1972).

Affirmed.