18-1991-cr
*United States v. Calix*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand nineteen.

PRESENT: RICHARD C. WESLEY,
DENNY CHIN,
RICHARD J. SULLIVAN,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA
*Appellee,*

v.                                                                      18-1991-cr

ANDRE CALIX, AKA John Doe 1, AKA Greg
Bernard,
*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR APPELLEE:                          NATHAN REHN, Assistant United
                                        States Attorney (Timothy V. Capozzi,
                                        Karl Metzner, Assistant United States
                                        Attorneys, *on the brief*), *for* Geoffrey S.
                                        Berman, United States Attorney for the

Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:                    DARRELL FIELDS, Federal Defenders of New York, Inc., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Andre Calix appeals the judgment of the district court entered June 21, 2018, convicting him of three counts of bank robbery in violation of 18 U.S.C. § 2113(a). Calix claims three errors in the district court below that warrant vacatur of his conviction: (1) his statutory right to a speedy trial afforded by the Speedy Trial Act (the "Act") was twice violated when, prior to trial, more than 70 days elapsed and the time was not automatically excludable or otherwise justified, (2) his Fifth Amendment right to due process was violated when the district court failed to order a fourth competency evaluation on the eve of trial, and (3) his Sixth Amendment right to an impartial jury was violated when the district court denied his request for a new venire panel after the existing panel heard him making noises in a nearby room. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.**     *Speedy Trial Act*

We "review the district court's findings of fact as they pertain to a speedy trial challenge for clear error and its legal conclusions *de novo*."   *United States v. Lucky*, 569 F.3d 101, 106 (2d Cir. 2009).

*First claim.*   On August 28, 2014, on request of counsel, the district court (Patterson, *J.*) ordered that Calix undergo a competency evaluation.   Over a year later, on January 19, 2016, following a judicial reassignment, replacement of defense counsel, and three successive competency evaluations, the district court (Preska, *J.*) concluded, pursuant to 18 U.S.C. § 4241, that Calix was competent to stand trial.   This entire delay was automatically excludable from the speedy trial clock because the Act excludes from its calculations "*[a]ny* period of delay" resulting from "*any* proceeding, including *any* examinations, to determine the mental competency . . . of the defendant."   18 U.S.C. § 3161(h)(1)(A) (emphasis added).   Indeed, we have held that § 3161(h)(1)(A) requires that delays associated with competency proceedings "*must* be excluded from the calculation of the speedy trial clock whether or not they are reasonable."   *United States v. Vasquez*, 918 F.2d 329, 333 (2d Cir. 1990) (emphasis added).   Calix argues that because he made a motion for a second competency proceeding on November 12, 2014, § 3161(h)(1)(D), which excludes time for motions generally, applies.   This argument is without merit, as the more specific mental competency exception controls.   *See Bloate v. United States*, 559 U.S. 196, 207 (2010); *see also United States v. Magassouba*, 544 F.3d 387,

416 (2d Cir. 2008). Thus, there was no speedy trial violation because the entire period between August 28, 2014 and January 19, 2016 was properly excluded.

*Second claim.* On February 7, 2017, the government sought an adjournment of trial from March 27, 2017 to September 11, 2017 "to permit continuity of counsel for the defendant, and to permit defense counsel sufficient additional time to confer with the defendant to prepare for trial." App. at 131. The district court granted the adjournment. The Act provides that district courts may exclude any time due to "delay resulting from a continuance" so long as the "ends of justice served by [ordering the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Here, the government's adjournment request mentioned that the district court was no longer available for the previously scheduled trial date. It is undisputed that the Act does not allow for delay "because of general congestion of the court's calendar." 18 U.S.C. § 3161(h)(7)(C). Nevertheless, it is also undisputed that Calix's continued refusal to work with counsel had disrupted counsel's ability to prepare a defense, which resulted in two unopposed motions for adjournment on June 2, 2016 and October 31, 2016. Neither defense counsel nor Calix objected to the government's motion for a third adjournment, and the court found that failure to grant the adjournment would deny defense counsel the reasonable time necessary for effective preparation. *See id.* § 3161(h)(7)(A), (B)(iv). Moreover, the court found that, given defense counsel's unavailability during certain subsequent months, a more

4

significant delay was necessary to promote continuity of counsel. We cannot say, on this record, that these findings were clearly erroneous. Thus, there was no speedy trial violation.

**II.** *Competency to Stand Trial*

We review a district court's factual determination that a defendant is competent to stand trial for clear error. *United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998). We review a district court's decision not to order a competency hearing for abuse of discretion. *United States v. Arenburg*, 605 F.3d 164, 169 (2d Cir. 2010) (per curiam).

Calix argues that a fourth competency evaluation was required to ensure he was fit to stand trial. At the September 6, 2017 pre-trial conference, defense counsel raised the issue of Calix's competency to stand trial. The district court concluded that because "Mr. Calix's behavior . . . is always the same" and there has been "no difference in his attitude, demeanor, and conduct," the three prior competency evaluations and the court's January 19, 2016 conclusion that Calix was competent to stand trial remained applicable. App. at 154-55. This was not an abuse of discretion. The court determined on the basis of multiple competency evaluations and the court's own observations of the defendant that no reasonable cause existed to order a competency hearing or yet another evaluation. *See* 18 U.S.C. § 4241; *United States v. Zhou*, 428 F.3d 361, 380-81 (2d Cir. 2005).

5

## III.    *Jury Venire*

"There are few aspects of a jury trial where we would be less inclined to disturb a trial judge's exercise of discretion, absent clear abuse," than in "empaneling of a jury."   *United States v. Ploof*, 464 F.2d 116, 118-19 n.4 (2d Cir. 1972).   Thus, a "trial court's findings of juror impartiality may be overturned only for manifest error." *Skilling v. United States*, 561 U.S. 358, 396 (2010) (internal quotation marks omitted).

Calix argues that his right to an impartial jury was compromised because the venire panel in the courtroom heard Calix "banging and screaming" in a nearby room "even though two doors [were] shut between" them.   App. at 206, 208.   We disagree.   The court excused two venire members who remarked on the noises, provided a curative instruction, and ultimately excused an additional two jurors who came forward after the curative instruction.   Jury selection then resumed without further reference to Calix's conduct.   Under these circumstances, the district court's assessment that replacing the entire venire would be "much too extreme a remedy which is not required" was borne out.   App. at 236.   All of the potential jurors who indicated any sensitivity to the noises were ultimately excused from the venire.   Thus, the court took suitable steps to safeguard the jury's impartiality.   Moreover, the court acted appropriately in refusing to allow Calix to manufacture a need for a new venire. *See Illinois v. Allen*, 397 U.S. 337, 350 (1970) (Brennan, *J.*, concurring) ("To allow the

6

disruptive activities of a defendant . . . to prevent his trial is to allow him to profit from his own wrong.").   Accordingly, there was no error, and certainly no manifest error.

*     *     *

We have considered all of Calix's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court